FOUST et ux. v. DISNEY, No. 2.—156 S. W. (2d), 87.

Eastern Section. July 8, 1941.

Petition for Certiorari denied by Supreme Court, November 29, 1941.

A. L. Fox, of Clinton, for appellant.

Homer H. Wallace, of Clinton, and Cassell, Ladd & Carson, of Harriman, for appellees.

McAMIS, J.   Defendant below, Dave Disney, has appealed from a decree granting complainants, Foust and wife, a writ of possession for a tract of land claimed by defendant under an executory contract of purchase.

The facts are that defendant purchased the disputed land, containing about three acres, from his father-in-law, E. S. Chase, about

the year 1918. Shortly thereafter defendant built a residence upon the property, set out an orchard and constructed several out buildings, including garage, smoke house and chicken house, but never acquired a deed. E. S. Chase died in 1930. Prior to his death E. S. Chase encumbered all of his property (including the three acres previously sold to defendant), by a deed of trust in favor of the First National Bank to secure his note in the sum of $630.

About the year 1937 defendant, learning of the existence of the deed of trust executed by Chase to the First National Bank, interviewed the Cashier of the bank and requested the privilege of paying half of the mortgage indebtedness and thus prevent a foreclosure to his three-acre tract. The bank declined to enter into this arrangement and defendant thereupon requested complainant Lige Foust to bid in the entire property covered by the deed of trust containing fifteen acres, more or less, with the agreement that defendant was to have the privilege of purchasing the three-acre tract from complainant after the foreclosure.

The bill admits that complainants agreed to bid in the property as requested by defendant and that defendant was to have twelve months in which to purchase the three-acre tract at the agreed sum of $350. The trustee's deed shows that complainants paid $634 for the entire property covered by the deed of trust.

After the introduction of a portion of the proof, complainants were permitted to amend the bill by alleging that, under the original agreement, defendant was to have the residence in which he lived and a lot surrounding it to be of such size and dimensions as complainants should think just and proper in consideration of the $350 to be paid by him. Complainant Lige Foust it appears went upon the property pending the taking of proof and, in the absence of defendant, staked out a lot containing .74 of an acre. The amended bill sought a writ of possession only as to the .74 acre tract. The action of the Chancellor in permitting this amendment is now assigned as error.

The Chancellor found that the parties entered into an agreement by which complainants were to purchase the property at the foreclosure sale and resell to defendant the part which he had occupied as a home for eighteen years under a parol purchase from E. S. Chase and was of opinion this agreement created a constructive trust in favor of defendant which he would have been entitled to have enforced if he had tendered to complainants the amount which he had agreed to pay within the stipulated time. The Chancellor found it unnecessary to determine whether the time was twelve months, as insisted by complainants, or fifteen months as insisted by defendant, since no tender was made within fifteen months, the time within which defendant was to purchase and pay for the property according to his contention.

The constructive trust found by the Chancellor to exist in favor of the defendant was wholly in parol. Three witnesses claimed to have been present when the agreement was made. None of them agree as to time within which defendant was to redeem his part of the property. Complainant Lige Foust says the time was to be twelve months. His son, who was introduced as a witness for complainants, testified that defendant was to have twelve to fifteen months and, at another place in his deposition, that he was to have twelve to fourteen months. Defendant testified that he was to have fifteen months or longer if he needed it.

Defendant testified that, during the months following the foreclosure, he requested complainants to execute a deed and says he would have paid the amount agreed upon at any time complainants had tendered a deed. Complainants' son corroborates defendant to some extent and we think the weight of the proof is to the effect that defendant was to have fifteen months within which to purchase the property at $350, the amount insisted upon by complainants. The original bill in this case was filed shortly after the expiration of the fifteen months.

In the absence of an express stipulation, a court of equity will not ordinarily regard time as of the essence of the contract and it must affirmatively appear that it was the intention of the parties that it should be so regarded. 12 Am. Jur., page 863, Section 308.

In this case there is nothing to indicate that the parties regarded time as of the essence. The contrary is indicated by the fact that none of the witnesses to the contract agree as to the time within which defendant was to have the privilege of repurchasing his part of the property. Moreover, the parties were upon friendly terms and engaged in a joint transaction for their mutual benefit and protection. Defendant had substantial rights in the property. He had occupied the property for eighteen years or more, improved it greatly and, though his right was subject to the deed of trust, the holders of the equitable title could not have repudiated the parol agreement of sale and purchase without incurring an obligation to adjust in some manner defendant's claim for improvements placed upon the property. The undisputed proof further shows that after the foreclosure defendant has substantially added to the improvements on the property. Courts of equity are slow to hold time of the essence and thus work a forfeiture of substantial rights.

The undisputed proof shows that the property claimed by defendant, including the improvements placed thereon after the foreclosure, is worth approximately $1,500. It will be remembered that complainants purchased the entire property for $634. The record indicates that the remaining twelve acres or more is valued at approximately $1,100.

Quite aside from what has been said above, complainant admits that the lot which he was to convey to the defendant was not staked off until after the expiration of fifteen months and, indeed, not until this case was about ready for admission to the Chancellor for decision. It would seem unjust and unusual, to say the least, to expect defendant to tender the amount he was to pay until complainants apprised him of the land they were willing to convey. Apparently it is their insistence that defendant should have tendered the money without knowing what land he was to receive. We think the primary duty under the agreement as established by complainants' testimony rested upon complainants to, at least, establish boundaries before expecting defendant to carry out his part of the agreement. A deed could not have been executed until this was done and defendant would have been greatly embarrassed in using the land purchased as a source of credit in raising the amount he was to pay for the property.

The Chancellor found that there was no meeting of the minds as to the amount of land to be included in the resale to defendant. The proof shows that complainants cultivated a portion of the three acres claimed by defendant and, though the evidence is sharply in conflict on this point, since complainants furnished all of the funds for bidding in the property and now hold the legal title to the entire tract, we think the evidence insufficient to establish the right to purchase more than the .74 acre which complainants admit defendant was to have the right to purchase.

Some question is made in the reply brief as to the correctness of the Chancellor's holding that the agreement between the parties resulted in a constructive trust in favor of defendant which would be good notwithstanding the statute of frauds. It is stated that this holding of the learned Chancellor is of doubtful correctness but no assignment of error is made by complainants to this holding of the learned Chancellor.

Inasmuch as the lot had not been staked off at the time defendant filed his answer, we do not think he should be deprived of the benefit of the trust found by the Chancellor to exist in his favor because he failed to tender into court the purchase price. Complainants held the legal title to the property and were thus well secured and we do not see that they have been materially injured. Defendant has expressed his willingness to assume the burdens of the trust and meet its conditions. This seems to be sufficient. Woodfin v. Marks, 104 Tenn., 512, 58 S. W., 227.

The decree to be here entered will adjudge the rights of the parties accordingly. The cause will be remanded to the Chancery Court and defendant allowed ninety days within which to tender into court the sum of $350 with interest from October 11, 1937. Defendant will also be liable to complainants for his equitable portion

of the taxes paid by complainants. If defendant pays into court the amount indicated with interest within ninety days from the date of the remand the bill will stand dismissed and the amount so paid held by the clerk and master for the benefit of complainants and delivered to them or their attorneys of record upon their ·delivering to the clerk and master for the benefit of defendant a good and sufficient deed to the .74 acre tract of land described in the map filed by complainants. If necessary, the land will be surveyed under the orders of the Chancery Court preliminary to the execution of said deed. The present litigation appears to have been necessary to establish the boundaries of the tract to be conveyed to defendant and settle the rights of the parties. The costs both of the Chancery Court and of this Court will be equally divided. If defendant fails to meet the conditions of the decree to be here entered within the time indicated, writ of possession will issue.

Portrum and Ailor, JJ., concur.