**Sahib AL–HADDAD, Plaintiff–Appellee,**

**v.**

**Mohammed AL–HADDAD, Defendant–Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 21, 1989.

Permission to Appeal Denied by Supreme Court June 26, 1989.

Stanley M. Chernau, Nashville, for plaintiff-appellee.

Thomas V. White, Nashville, for defendant-appellant.

## OPINION

TODD, Presiding Judge.

The defendant, Mohammed Al–Haddad, has appealed from a judgment that he held certain real estate in trust for the plaintiff, Sahib Al–Haddad and ordering the Clerk

and Master to execute a deed transferring said real estate to plaintiff.

The sole issue presented by appellant is: Whether or not the Chancellor incorrectly applied the law pertaining to the establishment of an express oral trust in real property.

The Trial Judge found the facts as follows:

### Findings of Fact

This case came on for trial before the Court without the intervention of a jury. Based upon the evidence of record, the Court finds the facts and conclusions of law as follows:

The plaintiff Sahib and defendant Mohammed are brothers and natives of Bagdad, Iraq. They are now American citizens. Sahib is in the import/export business. The business is operated under the name Al–Haddad Brothers Enterprises, Inc.

On June 11, 1984, Sahib gave Mohammed a check (Ex. 1) in the amount of $5,000 payable to Burns and Diddle Realtors as earnest money for the purchase of a tract of land (See Deed, Ex. 11). It was the intention of Sahib and Mohammed that Mohammed would purchase the property in his own name and hold the property for Sahib until Sahib advised Mohammed as to how he wanted the property conveyed. On July 6, 1984, Sahib gave Mohammed a check in the amount of $71,300 payable to Mohammed for payment on the property and to close the property transaction. After "For" on the check, the word "Loan" was written, however, the check was for Sahib's payment on the property. About July 24, 1984, Mohammed used the funds supplied by Sahib to close the property transaction. Mohammed took title to the property in his own name.

Within six (6) months after the purchase of the property, Sahib requested Mohammed to deed the property to Sahib's former wife. Mohammed refused to deed the property. The reason Mohammed refused to deed the property was due to a business dispute between himself and Sahib which is unrelated to the property transaction. Mohammed has indicated to other witnesses in this case and in his exchange of letters (Exs. 3, 8 and 9) to Sahib that the property is owned by Sahib and that he is unwilling to convey the property until the business dispute is settled.

The Trial judge concluded as follows:

... The Court finds that the evidence is clear, cogent and convincing that it was the intent of Sahib and Mohammed prior to the purchase of the property and at the time of the purchase of the property that Mohammed was to hold the property in trust for Sahib. Therefore, a resulting trust was created....

Accordingly, all the right, title and interest claimed by Mohammed in the tract of land described in the deed marked Exhibit 11 herein is hereby divested out of Mohammed Al–Haddad and vested in Shaib (sic) Al–Haddad in fee simple. The Clerk and Master of this Court will make to Sahib Al–Haddad a deed conveying the said tract of land to him in fee simple.

■ A trust in real estate may be shown by parol evidence. *Tansil v. Tansil*, Tenn. 1984, 673 S.W.2d 131, and authorities cited therein.

■ Proof of a parol trust must be of the clearest and most convincing character. It must be so clear, cogent and convincing as to overcome the opposing evidence coupled with the presumption that obtains in favor of the written instrument. *Linder v. Little*, Tenn.App.1972, 490 S.W.2d 717 and authority cited therein.

Appellant relies upon authorities which add the requirement that such evidence be "irrefragable". The dictionary definition of the word, irrefragable, is:

1. Impossible to gainsay or deny or refute, 2. impossible to break or alter: inviolable, indestructible, as an irrefragable cement.

Webster's Third International Dictionary, Unabridged. The word is not found in any legal dictionary.

The authorities which use the word, irrefragable, employ it to modify the word,

"proof". Although "proof" and "evidence" are frequently used as synonyms, their meaning is not identical. Evidence is that which is used by the senses to determine facts. It may be contradictory, requiring a selective process to determine which evidence to be considered. Proof is that evidence which convinces the senses of the existence of a fact. Evidence which does not convince the senses of the existence of a fact is nevertheless evidence, but is is not proof, for the desired fact has not been proven.

■ The words, clear, cogent, convincing and irrefragable, do not properly refer to evidence, but to proof. The mere fact that witnesses by poor observation, defective memory or outright perjury may be contradictory in their testimony does not prevent the "proof" from being clear, cogent, convincing and irrefragable if, having selected which witnesses to believe and deciding which events actually occurred (the proof) the proven events compel an inference or conclusion.

■ Thus, if the facts found by the finder of facts are such as to compel a conclusion of a trust, then the finding of a trust is based upon clear, cogent, convincing and irrefragable *proof* even though the *evidence* was contradictory. *Alexander v. C. C. Powell Realty Co. Inc.*, Tenn.App. 1975, 535 S.W.2d 154.

Appellant argues the weight of the evidence, but the essence of the argument is that the Trial Judge made an erroneous determination of the credibility of the witnesses.

When the issue for decision depends upon a determination of the credibility of witnesses, the trial court is the best judge of that credibility, and its findings are entitled to great weight. *Royal Ins. Co. v. Alliance Ins. Co.*, Tenn.App. 1985, 690 S.W.2d 541; *Duncan v. Duncan*, Tenn. App. 1984, 686 S.W.2d 568, and authorities cited therein.

■ Regardless of any lack of specificity in the testimony of plaintiff, the defendant, himself, confirmed the rights of the plaintiff when he wrote to plaintiff referring to a request by plaintiff for title to the land,

> I assure you that what you asked in your letter will be done as soon as you honor the trust matter I left with you.

It is seen that defendant is withholding the performance of his admitted trust obligation in the present case in order to pressure plaintiff to perform an entirely different and unrelated obligation which plaintiff denies and which was not made a part of this suit.

No merit is found in appellant's single issue.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against appellant. The cause is remanded to the Trial Court for such further proceedings, if any, as may be necessary and proper.

Affirmed and remanded.

LEWIS and CANTRELL, JJ., concur.