Fred L. ALLEN, Plaintiff–Appellant,

v.

NATIONAL BANK OF NEWPORT, et al., Defendants–Appellees.

Court of Appeals of Tennessee, Eastern Section.

June 18, 1992.

Permission to Appeal Denied by Supreme Court Oct. 26, 1992.

Ben W. Hooper, II, and Ben W. Hooper, III, Newport, for plaintiff-appellant.

Gary E. Brewer, Morristown, for defendants-appellees.

## OPINION

FRANKS, Judge.

The principal issue on appeal is whether the Chancellor erred in refusing to impress a constructive trust on property owned by defendants Matthews.

Plaintiff inherited a family farm in Cocke County, and upon making renovations executed Deeds of Trust on the farm to the National Bank of Newport to secure plaintiff's debts. The Notes came due on July 20, 1979. Plaintiff defaulted, hired an attorney, and made an unsuccessful attempt to enjoin a foreclosure. Defendants Howard and Drema Matthews had raised chickens and farmed tobacco on the property for a number of years at the time of the foreclosure, and loaned Allen money which he used to hire an attorney in an effort to enjoin the foreclosure sale.

The factual issues are sharply disputed. Plaintiff testified that the Matthews were his agent in attempting to avoid the foreclosure, and when these attempts failed the Matthews agreed to purchase the land and reconvey it to Allen at his option at an unspecified time in the future. The Matthews emphatically deny any oral agreements were made. They obtained an $85,-000.00 line of credit from another lender, and successfully purchased the realty by bid for $72,536.00 at the foreclosure sale.

This lawsuit was brought against the Bank, the Trustee, and the Matthews, but the appeal is limited to the claim by plaintiff against the Matthews.

The Chancellor made two pertinent findings.[1] The plaintiff had charged:

> [t]hat defendant, Howard E. Matthews and wife, Drema Matthews, materially misrepresented to him their intentions with respect to the property purchased at the foreclosure sale on November 24, 1989 [sic 1979] and that the said defendant never intended to return the property to plaintiff following the sale, and that their misrepresentations to him and to prospective bidders at the foreclosure sale amounted to a fraud upon him and deprived him of his property.

On this issue, the Chancellor specifically found no fraud, and on the issue of whether a constructive trust should be impressed upon the property held:

> the action of the plaintiff must fail for failure of tender, insofar as it seeks conveyance or the title to the real estate that's here in question.

---

1. The Chancellor dismissed the action pursuant to T.R.C.P. 41.02(2). The standard is set forth in *City of Columbia v. C.F.W. Const. Co.,* 557 S.W.2d 734 (Tenn.1977).

■ Plaintiff insists that a tender is not a prerequisite to maintaining the action. We agree. As a general rule, once a constructive trust is established, the Trustee who holds a title is only owed reimbursement of the purchase price. *See* 76 Am. Jur.2d Trusts Section 634. The time when reimbursement is tendered is not a determining factor for the imposition of a constructive trust. Tennessee courts have long held that a plaintiff's failure to have tendered reimbursement monies before trial does not preclude imposition of a constructive trust where the facts otherwise warrant such relief. *See e.g., Woodfin v. Marks*, 104 Tenn. 512, 58 S.W. 227 (1900); *Guinn v. Locke*, 38 Tenn. (1 Head) 110 (1858); *Haywood v. Ensley*, 27 Tenn. (8 Hum.) 459 (1847); and *Foust v. Disney*, 25 Tenn.App. 243, 156 S.W.2d 87 (1941).[2]

■ The Chancellor dismissed the action for the wrong reason, but where the correct result is reached the judgment may be affirmed on the proper basis. *See Continental Casualty Co. v. Smith*, 720 S.W.2d 48 (Tenn.1986).

■ Proof of an oral trust must be established by clear and convincing evidence, *Al–Haddad v. Al–Haddad*, 774 S.W.2d 192 (Tenn.App.1989). Plaintiff's action must fail because the evidence does not meet this standard. *See* T.R.A.P. Rule 13(b)(1), (c). Our *de novo* review of the evidence establishes that the parties presented sharply different versions of the facts surrounding the foreclosure and purchase, and when plaintiff first wrote defendants a letter about the foreclosure in 1980 through an attorney, the letter asked that defendants return certain personal property to the plaintiff, unless defendants would purchase the property. Significantly, the letter stated:

> "Mr. Allen has also raised some questions about your conduct at the foreclosure sale on his property. He has been informed that other potential buyers at the sale were threatened or harassed by you and/or your family to discourage their bidding against you. If these allegations are true, they could result in your purchase of the property being set aside."

This suggests the transaction was at arm's length.

There is evidence that plaintiff wrote bad checks and falsified a loan application in his failed attempts to prevent the foreclosure. While the Chancellor made no ruling on the credibility of the witnesses on this issue, he did, by implication, in ruling on the issue of fraud which was resolved in favor of defendants.

The evidence does not establish clearly and convincingly a basis for imposition of a constructive trust on the property. Accordingly, the judgment of the Trial Court is affirmed for the stated reasons. The cause is remanded with costs of appeal assessed to appellant.

SANDERS, P.J. (E.S.), and GODDARD, J., concur.

---

**2.** The brief's reference to *Thompson v. Thompson*, 54 S.W. 145, 158 (Chancery App.1899) are taken out of context and not on point.