IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
ASSIGNED ON BRIEFS JUNE 7, 2000

## ANTONIO L. SWEATT v. TENNESSEE BOARD OF PAROLES, ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 99-590-III;     The Honorable Ellen Hobbs Lyle, Chancellor**

_____

### No. M1999-02265-COA-R3-CV - Filed October 12, 2000

_____

Appellant Antonio L. Sweatt brings this Petition for a Common Law Writ of Certiorari regarding the Tennessee Board of Paroles' decision to deny him parole based on the seriousness of the offense that he committed. Appellant avers that the Board of Paroles acted illegally or arbitrarily in denying his parole because appellant asserts that his guilty plea agreement included the agreement that he would only serve thirty percent of his twenty-five-year sentence and then he would be released on parole.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Antonio L. Sweatt, *pro se*

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Pamela S. Lorch, Assistant Attorney General, for the Appellee

### OPINION

### Facts and Procedural History

On December 13, 1990, the appellant, Antonio L. Sweatt, pled guilty to two counts of aggravated rape of an eleven-year-old child and received a twenty-five-year sentence on the first count and a fifteen-year sentence on the second count. The sentences were to be served concurrently. Mr. Sweatt was sentenced as a Range One offender at thirty percent.

Mr. Sweatt filed a Petition for a Common Law Writ of Certiorari on February 26, 1999, regarding the Tennessee Board of Paroles' decision on October 12, 1998, to deny him parole based on the seriousness of the offense he committed. Mr. Sweatt named the Board of Paroles as well as individual Board members as respondents. Mr. Sweatt filed a Motion to Proceed *in forma pauperis* as well as an Inmate Affidavit pursuant to section 41-21-801 of the Tennessee Code, wherein he

listed some of his prior lawsuit filings, including four federal suits that were dismissed as frivolous. On May 12, 1999, the lower court dismissed the suit without prejudice pursuant to section 41-21-812 of the Tennessee Code because it found that Mr. Sweatt had outstanding costs in two other Davidson County Chancery Court cases. On May 21, 1999, the appellant filed a Motion to Reconsider Order of Dismissal. On June 24, 1999, Mr. Sweatt filed a Motion for Relief from Order of denial of his motion to proceed *in forma pauperis*. Additionally, on June 24, 1999, the lower court entered an Order vacating its May 12, 1999, order of dismissal.

On July 9, 1999, Mr. Sweatt filed a Motion for Leave from the Court to File an Amended Complaint to add another member of the Board of Paroles as a respondent. On July 14, 1999, the appellee, the Tennessee Board of Paroles, filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim for which relief may be granted. On September 15, 1999, the lower court entered its Memorandum and Order denying Mr. Sweatt's motion to amend his complaint and granting the Board of Paroles' motion to dismiss. Moreover, the lower court ordered the matter dismissed as frivolous pursuant to section 41-21-804 of the Tennessee Code. On September 24, 1999, Mr. Sweatt filed a Notice of Appeal.

### Law and Analysis

The appellant lists four issues for our review, and we will consider each in turn.

### I.

First, the appellant asserts that the lower court erred in dismissing his complaint because he had outstanding court costs from prior suits. Section 41-21-812 of the Tennessee Code states:

> **Filing of subsequent lawsuits not permitted until expenses paid -**
> (a) Except as provided by subsection (b), on notice of assessment of any fees, taxes, costs, and expenses under this part, a clerk of a court may not accept for filing another claim by the same inmate until such prior fees, taxes, costs, and other expenses are paid in full.
>
> (b) A court may allow an inmate who has not paid any costs or expenses assessed against the inmate to file a claim for injunctive relief seeking to enjoin an act or failure to act that creates a substantial threat of irreparable injury or serious physical harm to the inmate.

Tenn. Code Ann. § 41-21-812 (1999).

The court below initially dismissed this matter pursuant to the above-cited section. It specifically found that Mr. Sweatt had outstanding costs of $52.50 in Cause No. 96-1100-III of Davidson County Chancery Court and $48.50 in Cause No. 96-3661-I of Davidson County Chancery Court. The court later vacated its decision, however, and stated that section 41-21-812 of the Tennessee Code authorized dismissal of a lawsuit only if the unpaid costs pertain to a prior dismissal for one of the grounds stated in section 41-21-804 of the Tennessee Code.[1] We fail to see the connection between sections 41-21-812 and 41-21-804 that the trial court found. We find that a case may be dismissed solely based upon section 41-21-812 of the Tennessee Code, without resort to the additional factors in section 41-21-804. As a result, the lower court's initial dismissal of the case based on section 41-21-812 was correct and should have barred this case from proceeding below.[2]

## II.

Second, the appellant claims that the lower court erred when it did not allow him to amend his complaint to add Rick O'Bryan individually, a hearing officer on the Board of Paroles. The procedural framework for review under the writ of certiorari appears in sections 27-9-101 through 27-9-114 of the Tennessee Code. See Fairhaven Corp. v. Tennessee Health Facilities Comm'n, 566 S.W.2d 885, 886 (Tenn. Ct. App. 1976). Section 27-9-104 of the Tennessee Code provides, "[t]he petition shall be addressed to the presiding chancellor and ***shall name as defendants the particular board or commission*** and such other parties of record, if such, as were involved in the hearing before the board or commission, and who do not join as petitioners." Tenn. Code Ann., § 27-9-104 (1998) (emphasis added).

It is clear from the above section that writs of certiorari challenging decisions by the Tennessee Board of Paroles should name only the Board as a respondent. Accordingly, it was not error for the lower court to deny Mr. Sweatt the opportunity to amend his complaint to add Rick O'Bryan, an individual member of the Tennessee Board of Paroles, as a respondent.

---

[1] **Dismissal of claim - Grounds - Factors for determination - Poverty hearings -** (a) A court may dismiss a claim filed by an inmate, either before or after service of process on the defendant, if the court finds that: (1) The allegation of poverty in the inmate's affidavit is false; or (2) The claim is frivolous or malicious. (b) In determining whether a claim is frivolous or malicious under subsection (a), the court may consider whether or not: (1) The claim has a chance of success; (2) The claim has a basis in law and in fact; and (3) The claim is substantially similar to a previous claim filed by the inmate in that the present claim arises from the same operative facts. (c) The court may hold a hearing to determine whether the allegation of poverty filed with the claim is false or whether the claim is frivolous or malicious. This hearing may be held before or after service of process on the defendant, and may be held on motion of the court, a party to the claim, or by any officer of the court. (d) On the filing of a motion described under subsection (c), the court shall suspend all discovery relating to the claim pending the outcome of the hearing. Tenn. Code Ann. § 41-21-804 (1999).

[2] Where a trial judge has reached the correct result, it will not be reversed because he may have predicated it on an erroneous reason. Pearson v. Garrett Financial Services, Inc., 849 S.W.2d 776, 780 (Tenn. Ct. App. 1992). The judgment may simply be affirmed on the proper basis. See Allen v. National Bank of Newport, 839 S.W.2d 763, 765 (Tenn. Ct. App. 1992).

## III.

Third, the appellant avers that the trial court erred when it dismissed his claim because appellant claims that he had a binding plea agreement with the State that mandated his release upon serving thirty percent of his sentence. The Tennessee Supreme Court has held that once plea agreements are approved by the trial court, they become binding and enforceable contracts. See State v. Howington, 907 S.W.2d 403, 407 (Tenn. 1995). As a result, we have decided that prisoners who enter into and abide by the terms of a plea agreement should be able to seek judicial redress if the State breaches the contract. See Totty v. Tennessee Dep't of Correction, App. No. 01A01-9504-CV-00139, 1995 WL 700205, at *2 (Tenn. Ct. App. Nov. 29, 1995) (No Tenn. R. App. P. 11 application filed). Thus, with proper proof, a prisoner may be entitled to specific enforcement of his plea agreement. Prisoners who assert that they agreed to plead guilty in return for agreements that they would be paroled after serving a specific portion of their sentences must come forward with some competent evidence of these agreements. This evidence is readily available either in the form of a written plea bargain agreement or in the form of a verbatim record of the plea bargain proceeding required to be kept pursuant to Rule 11(g) of the Tennessee Rules of Criminal Procedure. Without this evidence, a prisoner has failed to state a claim upon which relief can be granted. See Ringling v. Tennessee Board of Paroles, 1997 WL 718419 (Tenn. Ct. App.) (permission to appeal denied May 26, 1998).

In the instant case, when the criminal court judge sentenced Mr. Sweatt at the "standard 30% Range 1," that meant that Mr. Sweatt would become *eligible* for parole after serving thirty percent of his sentence. Section 40-35-501(k) of the Tennessee Code states in pertinent part that, [t]he release eligibility date provided for in this section is the *earliest date* an inmate convicted of a felony is eligible for parole. . . . Tenn. Code Ann. § 40-35-501(k) (1999) (emphasis added).

As Mr. Sweatt admitted in his pleadings, he did receive parole consideration after serving thirty percent of his sentence. The decision to release Mr. Sweatt on parole rests exclusively within the discretion of the Parole Board. See Doyle v. Hampton, 340 S.W.2d 891, 893 (1960). Additionally, we have carefully examined the plea bargain agreement and the transcript of the guilty plea proceeding. Neither document supports the appellant's position that there was an agreement between the court, the district attorney, and Mr. Sweatt that he would be released on parole after serving thirty percent of his sentence. Due to the total absence in the record of any agreement between the court and Mr. Sweatt stating that the appellant would be released after serving thirty percent of his sentence, we conclude that the lower court properly dismissed Mr. Sweatt's petition for failure to state a claim.

## IV.

Finally, the appellant claims that the lower court abused its discretion in dismissing his complaint because he claims that the Tennessee Board of Paroles acted illegally and arbitrarily in denying his parole. The scope of review under the common law writ of certiorari is limited to the method used

by a board or agency in reaching its decision. In <u>Powell v. Parole Eligibility Review Board</u>, 879 S.W.2d 871 (Tenn. Ct. App. 1994), the court held that the decisions of the Parole Eligibility Review Board were reviewable, but,

> [t]he scope of review under the common law writ, however, is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily. Conclusory terms such as "arbitrary and capricious" will not entitle a petitioner to the writ. At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review. . . .

<u>Id.</u> at 873.

In the instant case, the Tennessee Board of Paroles denied the appellant parole pursuant to section 40-35-503(b)(2) of the Tennessee Code, because the Board found that the release from custody at this time would depreciate the seriousness of the crime of which the offender stands convicted or promote disrespect of the law. <u>See Tenn. Code Ann.</u> § 40-35-503(b)(2) (1999). In <u>Arnold v. Tennessee Board of Paroles</u>, 956 S.W.2d 478 (Tenn. 1997), the Tennessee Supreme Court held that it is proper for the Board of Paroles to consider the seriousness of an inmate's offense during parole consideration:

> In our view, consideration of the seriousness of the offense, the number of victims, and the risk to re-offend is appropriate to the parole decision. Consideration of these factors does not demonstrate that the Board acted illegally, fraudulently, arbitrarily, or in excess of its jurisdiction. Moreover, consideration of such factors does not implicate any constitutional right under the circumstances.

<u>Id.</u> at 482-83. The United States Supreme Court has also recognized that parole determinations must include the seriousness of the offense. The Court stated that:

> the choice [to grant or deny parole] involves a synthesis of record facts and personal observation filtered through the experience of the decisionmaker and leading to a predictive judgment as to what is best both for the individual inmate and for the community. This latter conclusion requires the Board to assess whether, ***in light of the nature of the crime***, the inmate's release will minimize the gravity of the offense, weaken the deterrent impact on others, and undermine the respect for the administration of justice.

<u>Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex</u>, 442 U.S. 1, 8 (1979) (emphasis added). It is thus evident that consideration of the seriousness of an inmate's offense is a proper determination for a parole board to consider when evaluating one for parole. As a result, we conclude that the lower court was correct in finding that the seriousness of the offense is a proper reason to deny parole.

## Conclusion

Accordingly, for the aforementioned reasons, we hereby affirm the trial court. Costs on appeal are taxed to the Appellant, Antonio Sweatt, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE