IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 31, 2003

## MARCUS N. LEWIS v. TENNESSEE DEPARTMENT
## OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 00-2909-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2002-00608-COA-R3-CV - Filed May 20, 2003**

---

This appeal involves a disciplinary proceeding at the South Central Correctional Facility. After being sentenced to five days disciplinary segregation for interfering with an officer's duties, the prisoner filed a petition for a common-law writ of certiorari in the Chancery Court for Davidson County. The trial court granted the Department of Correction's motion for summary judgment and dismissed the petition. We affirm the dismissal of the prisoner's petition, although on different grounds than those relied upon by the trial court.[1]

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN, J. joined. PATRICIA J. COTTRELL, J., filed a concurring opinion.

Marcus N. Lewis, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Arthur Crownover II, Senior Counsel, for the appellee, Tennessee Department of Correction.

### OPINION

### I.

Marcus Lewis pleaded guilty to second degree murder and especially aggravated robbery in 1993 and was sentenced to serve two consecutive twenty-five year sentences.[2] Mr. Lewis is currently a prisoner at the Northeast Correctional Facility in Johnson County.

---

[1]The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result. *Continental Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986); *Arnold v. City of Chattanooga*, 19 S.W.3d 779, 789 (Tenn. Ct. App. 1999); *Allen v. National Bank of Newport*, 839 S.W.2d 763, 765 (Tenn. Ct. App. 1992); *Clark v. Metropolitan Gov't*, 827 S.W.2d 312, 317 (Tenn. Ct. App. 1991).

[2]His later collateral attack on his guilty pleas proved unsuccessful. *Lewis v. State*, No. 03C01-9704-CR-00132, 1997 WL 789908, at *1 (Tenn. Crim. App. Dec. 23, 1997) (No Tenn. R. App. P. 11 application filed).

On March 21, 2000, while incarcerated at the South Central Correctional Facility in Wayne County, Mr. Lewis obtained permission to wear a small black ribbon on his prison shirt in memory of some recently deceased friends. As he was leaving the prison cafeteria, the warden and a corrections officer attempted to question him about the significance of the black ribbon. Mr. Lewis became argumentative and broke off the discussion. The officials pursued him as he walked away to continue their inquiry.

As a result of this incident, Mr. Lewis was charged initially with participating in a security group threat and was placed in disciplinary segregation pending a disciplinary hearing. On March 22, 2000, after the prison disciplinary board dismissed the "security group threat" charge, the prison officials charged Mr. Lewis with a less serious disciplinary infraction – interfering with an officer's duties. Following a hearing on March 24, 2000, the disciplinary board found Mr. Lewis guilty of interfering with an officer's duties and sentenced him to five days in administrative segregation. The Commissioner's designee approved the Board's decision,[3] as did the warden and the Commissioner of Correction.

Mr. Lewis filed a petition for a common-law writ and statutory writ of certiorari in the Chancery Court for Davidson County on September 14, 2000.[4] He alleged several due process violations and asserted that the disciplinary board had acted arbitrarily, illegally, and capriciously. Rather than filing the record of the prison disciplinary proceeding, the Department moved to dismiss his petition pursuant to Tenn. R. Civ. P. 12.02(6). After the trial court dismissed Mr. Lewis's statutory writ of certiorari claim, the Department filed a motion for summary judgment predicated on *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995). The trial court granted this motion and dismissed Mr. Lewis's petition after concluding that his five-day sentence in punitive segregation did not impose an atypical and significant hardship on him. Mr. Lewis has appealed.

## II.

This case again requires us to contend with the curious tactics routinely adopted by the Office of the Attorney General in cases of this sort. The Attorney General insists on complicating otherwise straightforward proceedings by filing motions to dismiss or motions for summary judgment instead of simply filing the record of the disciplinary proceeding. As a result, the courts are forced to decide these cases without an adequate record and with standards of review that are decidedly less favorable

---

[3]The South Central Correctional Facility is managed by Corrections Corporation of America. Private prison operators do not have the authority to discipline prisoners. Tenn. Code Ann. § 41-24-110(5) (1997). Accordingly the Department's Uniform Disciplinary Procedures require that all punishments for disciplinary infractions other than verbal warnings imposed by employees of private prison operators must be approved by the Commissioner's designee. *Horton v. Tennessee Dep't of Corr.*, No. M1999-02798-COA-R3-CV, 2002 WL 31126656, at *6 (Tenn. Ct. App. Sept. 26, 2002) (No Tenn. R. App. P. 11 application filed).

[4]Mr. Lewis filed his petition in the wrong county. Tenn.Code Ann. § 41-21-803 (1997) required the petition to be filed in Wayne County where the South Central Correctional Facility is located. *Hawkins v. Tennessee Dep't of Corr.*, No. M2001-00473-COA-R3-CV, 2002 WL 1677718, at * 7-8 (Tenn.Ct.App. July, 25, 2002) (No Tenn. R.App. P. 11 application filed). However, we will not vacate the judgment because Mr. Lewis filed his petition before we decided *Hawkins v. Tennessee Dep't of Corr.* and because neither party questioned venue in the trial court.

to the Department. The net result is more work for the trial courts, more work for the appellate courts, and eventually more work for the Office of the Attorney General when decisions are reversed on procedural grounds that could easily have been avoided.

We have previously commented at some length about this wasted motion, but so far our opinions appear to have fallen on deaf ears. *See, e.g., Jeffries v. Tennessee Dep't of Corr.*, ___ S.W.3d ___, ___, 2002 WL 31890879, at *2-3 (Tenn. Ct. App. 2002); *Horton v. Tennessee Dep't of Corr.*, 2002 WL 31126656, at *2; *Livingston v. Tennessee Bd. of Paroles*, No. M1999-01138-COA-R3-CV, 2001 WL 747643, at *5-7 (Tenn. Ct. App. July 5, 2001) (No Tenn. R. App. P. 11 application filed). Thus, we are left to work with the record we have which includes only the portions of the record of the disciplinary proceedings filed by Mr. Lewis.

### III.

Mr. Lewis's appeal challenges the disciplinary punishment he received on five grounds. Three of these grounds are undermined by the papers he filed to support his petition. One ground was not raised in the trial court. The final ground involves a claim that is beyond the scope of a common-law writ of certiorari.

Mr. Lewis asserts the proceeding before the disciplinary board violated his due process rights by (1) not permitting him to call witnesses, (2) producing no evidence that he had committed the alleged disciplinary infraction, and (3) failing to obtain the Commissioner's designee's approval before he was placed in disciplinary segregation prior to the hearing. Each of these assertions is inconsistent with the papers Mr. Lewis himself has filed. The disciplinary hearing summary report shows clearly that Mr. Lewis waived his right to call witnesses as well as his right to have the reporting official present at the hearing. Accordingly, his first two claims are without merit. With regard to his third claim, the disciplinary report clearly shows that the Commissioner's designee approved placing him in disciplinary segregation on the "interfering with an officer's duties" charge on the same day he was charged with this offense. Therefore, his third claim is likewise without merit because it is contradicted by the disciplinary report.

Mr. Lewis also challenges the disciplinary proceeding on the ground that the Commissioner's designee did not approve the disciplinary board's decision to place him in disciplinary segregation for five days. He did not assert this claim in the trial court. Accordingly, Mr. Lewis cannot raise it for the first time on appeal. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991); *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 300 (Tenn. Ct. App. 2001); *Davis v. Tennessee Dep't of Employment Sec.*, 23 S.W.3d 304, 310 (Tenn. Ct. App. 1999)*; Castelli v. Lien*, 910 S.W.2d 420, 429 (Tenn. Ct. App. 1995).[5]

Finally, Mr. Lewis asserts that the testimony at his disciplinary hearing failed to establish that he had committed an offense and that the prison officials had charged him with interfering with an officer's duties simply "to cover up the initial mistake of the first infraction." The defect in this

---

[5]We find no merit in this claim even if Mr. Lewis had properly raised it. In his sworn affidavit of undisputed facts, Mr. Lewis concedes that the Commissioner's designee approved the disciplinary board's findings.

argument is a procedural one that relates to the inherent limitations in the scope of relief provided by a writ of common-law certiorari.

The scope of a common-law writ of certiorari is extremely limited. Courts may not (1) inquire into the intrinsic correctness of the lower tribunal's decision, *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994), (2) reweigh the evidence, *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 277 (Tenn. 1980); *Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals*, 924 S.W.2d 900, 904 (Tenn. Ct. App. 1996), or (3) substitute their judgment for that of the lower tribunal. *421 Corp. v. Metropolitan Gov't*, 36 S.W.3d 469, 474 (Tenn. Ct. App. 2000). Rather, the writ permits the courts to examine the lower tribunal's decision to determine whether the tribunal exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Turner v. Tennessee Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *Daniels v. Traughber*, 984 S.W.2d 918, 924 (Tenn. Ct. App. 1998).

Mr. Lewis's argument that the evidence showed that he did not commit the offense and that prison officials issued the charge to cover up a previous mistake is nothing more than an attack on the intrinsic correctness of the board's decision and an effort to have the courts reweigh the evidence presented to the board. A common-law writ of certiorari cannot be used to raise these sorts of issues. Accordingly, Mr. Lewis has failed to state a claim under the common law writ of certiorari insofar as this claim is concerned.

## IV.

We affirm the dismissal of Mr. Lewis's petition and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Marcus Lewis for which execution, if necessary, may issue. We also have determined that this appeal is frivolous in accordance with Tenn. Code Ann. § 41-21-807(c) (Supp. 2001) and Tenn. Code Ann. § 41-21-816(a)(1) (1997).

_____
WILLIAM C. KOCH, JR., JUDGE