# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs August 2, 2016

## GRENDA HARMER v. TURNEY CENTER DISCIPLINARY BOARD ET AL.

### Appeal from the Chancery Court for Hickman County
No. 16CV5672     Joseph Woodruff, Judge

_____

### No. M2016-00506-COA-R3-CV – Filed August 30, 2016

_____

An inmate of the Tennessee Department of Correction housed at the Turney Center Industrial Complex in Only, Tennessee, filed a petition for common law writ of certiorari seeking review of his prison disciplinary conviction. The trial court dismissed the petition on the grounds that the inmate failed to pay prior court costs, violating Tennessee Code Annotated § 41-21-812, and filed an affidavit of indigency that contained falsities, violating Tennessee Code Annotated § 41-21-804. This appeal followed. We affirm the dismissal of the petition for writ of certiorari on the basis that Petitioner failed to disclose all previously filed lawsuits in violation of Tennessee Code Annotated § 41-21-805 but modify it to the extent that the petition is dismissed without prejudice.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

Grenda Ray Harmer, Only, Tennessee, Pro se.

Herbert H. Slatery, III, Attorney General and Reporter, and Charlotte Davis, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tennessee Department of Correction; Commissioner, Tennessee Department of Correction; Turney Center Disciplinary Board; Warden, Turney Center Industrial Complex- Main; Christopher Crysler; D. Epley; and Johnny Qualls.

## OPINION

Grenda Harmer ("Petitioner") filed a petition for writ of certiorari seeking relief from a Disciplinary Board hearing. The petition was dismissed by the trial court prior to any evidentiary hearings; therefore, the record is limited to the petition for writ of certiorari with attachments thereto, the motion to dismiss, the response to the motion to

dismiss, supplemental filings, and the trial court's order dismissing the petition. The record reveals that Petitioner received a disciplinary report on October 3, 2015, for the possession of contraband. Petitioner was issued another disciplinary report on October 7, 2015, charging him with the offense of Violation of State Law, specifically the Tennessee Personal and Commercial Computer Act of 2003. *See* Tenn. Code Ann. § 39-14-602(b)(2) & (3).

Petitioner raised several defenses and challenged the lack of specifics in the October 7, 2015 disciplinary report. Particularly, he relied upon Tennessee Department of Correction ("TDOC") policy 502.01, which states: "[A] disciplinary report which fails to adequately state an offense, contains error, or has not been properly completed shall be dismissed by the board/hearing officer." Petitioner contended that the time of the alleged incident was not properly established since two distinct and contradictory times were noted in the body of the disciplinary report, which deprived him of the ability to defend himself and violated his right to due process of law. He also contended that the disciplinary report failed to allege that he "intentionally" violated the Tennessee Personal and Commercial Computer Act of 2003, *see* Tenn. Code Ann. § 39-14-602(b), or "the manner in which his actions violated the statute." Further, he contended that the disciplinary report "failed to allege an actual violation of Tenn. Code Ann. § 39-14-602(b)(3), in that there were no allegations that he 'was responsible for the malicious input of any computer contaminant into any computer, computer system, or computer network' as required by the statute." Moreover, Petitioner challenged the "chain of custody" form that was introduced in the disciplinary hearing.

Following a hearing, the Disciplinary Board found Petitioner guilty. After exhausting his appeals to the Warden and the Commissioner of TDOC, Petitioner commenced this action by filing a petition for writ of certiorari, an affidavit of inability to pay costs under Tenn. Code Ann. § 20-12-127, an affidavit as required by Tenn. Code Ann. § 41-21-805 concerning all previously filed lawsuits, and a certified Six Month Transaction Statement. The named respondents include the Turney Center Disciplinary Board, Daniel Epley, Johnny Qualls, Christopher Crysler, Debra Johnson, Derrick Schofield, and the Tennessee Department of Correction (collectively, "Respondents").

Respondents filed a motion to dismiss the petition for writ of certiorari on the grounds Petitioner had not paid court costs in all prior claims, *see* Tenn. Code Ann. § 41-21-812, and his affidavit of indigency contained "falsities." *See* Tenn. Code Ann. § 41-21-804(a)(1). Petitioner filed a response opposing the motion to dismiss. Shortly thereafter, Petitioner filed a document from a prior court proceeding showing that he paid all outstanding court fees from that previous case. Following its review of the motion and responses, the trial court ruled:

> This case came before the Court for review upon the Respondents' motion
> to dismiss, after which the Court is of the opinion that the Respondents'

- 2 -

motion is well-taken and should be granted. The petition is in violation of Tenn. Code Ann. §§ 41-21-812 and 41-21-804 since all court costs in prior claims have not been paid, and there are falsities in the affidavit of indigency. *See* Tenn. Code Ann. §§ 41-21-812, 41-21-804 (2015). Therefore, the motion to dismiss with prejudice is GRANTED and the case is DISMISSED.

This appeal followed.

## ANALYSIS

Petitioner presents thirteen issues for our review, many of which have multiple subsections. We have determined that the dispositive issue is whether Petitioner's writ of certiorari was properly dismissed under the provisions of the Tennessee Prisoner Litigation Reform Act codified at Tenn. Code Ann. §§ 41-21-801 to -818.

### I. TENNESSEE CODE ANNOTATED § 41-21-812

Petitioner asserts that the trial court erred by dismissing his petition on the ground that he failed to pay court costs in a prior case.

Respondents moved to dismiss the petition based on Tenn. Code Ann. § 41-21-812, which requires that all "fees, taxes, costs, and other expenses are paid in full" before an inmate can file another lawsuit. Petitioner established that he paid all prior court costs through documentation filed in the supplement to his response to the motion to dismiss. On appeal, Respondents concede that Petitioner satisfied this statutory requirement. Therefore, Tenn. Code Ann. § 41-21-812 may not serve as a basis for dismissing the petition.[1]

### II. TENNESSEE CODE ANNOTATED § 41-21-804

Petitioner also asserts that the trial court erred by dismissing the petition on the ground that his Uniform Civil Affidavit of Indigency contained "falsities."

---

[1] Neither Petitioner nor Respondents have addressed the constitutionally of Tenn. Code Ann. § 41-21-812. Moreover, we have concluded that Petitioner satisfied this statutory requirement. Nevertheless, we acknowledge that the constitutionality of Tenn. Code Ann. § 40-21-812 has recently been challenged in federal court and our Supreme Court. The United States Court of Appeals for the Sixth Circuit recently held that it is unconstitutional for Tennessee to require, pursuant to Tenn. Code Ann. § 41-21-812, that "'prior fees, taxes, costs and other expenses [be] paid in full' before permitting a prisoner to file a habeas corpus petition challenging the constitutionality of his probation revocation proceedings." *Clifton v. Carpenter*, 775 F.3d 760, 762 (6th Cir. 2014) (quoting Tenn. Code Ann. § 41-21-812(a)). Moreover, a challenge to the constitutionality of Tenn. Code Ann. § 40-21-812 as applied to dismiss an inmate's petition for a writ of certiorari seeking discretionary judicial review of the denial of his parole is currently pending before our Supreme Court in *Hughes v. Tennessee Board of Probation & Parole*, appeal number M2015-00722-SC-R11-CV.

Generally, litigants commencing a civil action in a Tennessee court must file a cost bond and pay an initial filing fee. *Spates v. Howell*, 420 S.W.3d 776, 783 (Tenn. Ct. App. 2013). However, indigent litigants may be excused from filing a cost bond by filing a Uniform Civil Affidavit of Indigency stating that they are entitled to relief but are unable to bear the expense of litigation due to their poverty. *See* Tenn. Code Ann. § 20-12-127; *see also* Tenn. Sup. Ct. R. 29 ("[A]ny civil action may be commenced by a resident of this state without giving security as required by law for costs and without payment of litigation taxes due by filing the oath of poverty set out in the statute and by filing an affidavit of indigency as prescribed by court order."). A person is deemed to be indigent, or in poverty, if they meet the Legal Services Corporation's poverty guidelines published in Appendix A, Part 1611 of the Code of Federal Regulations. *See* Tenn. Sup. Ct. R. 29. Once determined to be in poverty, litigants are considered to be proceeding in forma pauperis. Under Tenn. Code Ann. § 41-21-804(a)(1), "[a] court may dismiss a claim filed by an inmate, either before or after service of process on the defendant, if the court finds . . . [t]he *allegation of poverty* in the inmate's affidavit is false[.]" (Emphasis added).

Respondents assert that Petitioner violated Tenn. Code Ann. § 41-21-804(a)(1) by presenting "false information" regarding his assets. In his affidavit of indigency, Petitioner reported that he had no assets, including no money in his "Checking/Savings Account" or in any "Other" accounts; however, the certified Six Month Transaction Statement revealed that he had funds in his trust fund account when this action was commenced. In her sworn report, TDOC official Stacy Breece reported that Petitioner had $149.43 in his trust fund account on December 14, 2015, and that his trust fund balance for the six months prior to that was $571.43. Respondents have not at any time contended that Petitioner's *allegation of poverty* was false. However, Respondents insist that Petitioner presented the court with "an untruthful picture of his finances," and because of these falsities in Petitioner's affidavit of indigency, the petition was properly dismissed pursuant to Tenn. Code Ann. § 41-21-804(a)(1).

Tenn. Code Ann. § 41-21-804(a)(1) does not state that any false information or the inclusion of "falsities" on the inmate's affidavit is grounds for dismissal. Instead, dismissal is only warranted when "the *allegation of poverty* in the inmate's affidavit is false." *Id.* In this case, Petitioner reported that he had no money in his accounts. The certified Six Month Transaction Statement reveals that he had $149.43 in his trust fund account. Although Petitioner erroneously—i.e., falsely—stated that he had no money in his accounts, the $149.43 in his trust fund account is less than the applicable threshold. *See* 45 C.F.R. Pt. 1611, App. A. Therefore, regardless of Petitioner's false statement, his *allegation of poverty* was not false. Thus, Tenn. Code Ann. § 41-21-804(a)(1) may not serve as a basis for dismissing the petition.

## III. TENNESSEE CODE ANNOTATED § 41-21-805

Notwithstanding the foregoing, the petition must be dismissed for Petitioner's failure to comply with Tenn. Code Ann. § 41-21-805.[2]

As Respondents correctly note in their brief, an inmate must file information regarding previously filed lawsuits in addition to a Uniform Civil Affidavit of Indigency. *See* Tenn. Code. Ann. § 41-21-805. Specifically, an inmate's affidavit of inability to pay must include "[a] complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed." Tenn. Code Ann. § 41-21-805(a)(1). A "claim" is defined as "any lawsuit or appeal filed by an inmate except a petition for post-conviction relief." Tenn. Code Ann. § 41-21-801(1). An inmate's failure to comply with Tenn. Code Ann. § 41-21-805 may be grounds for the dismissal. Tenn. Code Ann. § 41-21-804(a); *See e.g.*, *Williams v. Bell*, 37 S.W.3d 477, 480 (Tenn. Ct. App. 2000); *Moore v. Turney Ctr. Disciplinary Bd.*, No. M2009-01056-COA-R3-CV, 2010 WL 1404444, at *2 (Tenn. Ct. App. Apr. 7, 2010).

In this case, Petitioner filed an affidavit in which he provided information concerning "all lawsuits or claims ever filed" in accordance with Tenn. Code Ann. § 41-21-805. Petitioner listed four claims in his affidavit: (1) *Harmer v. Brandon*, Case Number "District Court #3:06-CV-463 / Sixth Circuit #11-6063"; (2) *Harmer v. Tennessee Department of Correction*, Case Number "Unknown"; (3) *Harmer v. Caudle, et al.*, Case Number "#3:11-0985"; and (4) *Harmer v. Heather Scott, et al.*, Case Number "1:12-cv-00103".

In their motion to dismiss, Respondents notified the trial court that Petitioner's affidavit was inaccurate because he failed to include a fifth lawsuit, *Harmer v. Tennessee Department of Correct, et al.*, No. 15-CV-5667, filed by Petitioner on December 21, 2015.[3] Petitioner acknowledged the existence and the date of filing of this fifth lawsuit in his response to the motion to dismiss, stating that "it was just filed on December 21, 2015." Moreover, Petitioner failed to amend his affidavit to remedy this error in order to prevent a dismissal of the lawsuit.

---

[2] The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result. *Continental Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986); *Allen v. National Bank of Newport*, 839 S.W.2d 763, 765 (Tenn. Ct. App. 1992); *Clark v. Metropolitan Gov't*, 827 S.W.2d 312, 317 (Tenn. Ct. App. 1991).

[3] In his reply brief, Petitioner asserts that Respondents waived this issue by failing to raise it in the trial court. "Determining whether parties have waived their right to raise an issue on appeal should not exalt form over substance." *Powell v. Community Health Systems, Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010). An examination of the record clearly shows that Respondents stated the following in their Memorandum of Law in Support of Motion to Dismiss: "Furthermore, Petitioner presented an inaccurate list of his previously filed lawsuits and claims, as required by Tenn. Code Ann. § 41-21-805."

As noted earlier, failure to comply with the requirements of Tenn. Code Ann. § 41-21-805 is grounds for dismissal. *See, e.g.*, *Williams*, 37 S.W.3d at 480; *Moore*, 2010 WL 1404444, at *2. The record clearly indicates that Petitioner failed to identify all lawsuits he previously filed and thus did not comply with the requirements of Tenn. Code Ann. § 41-21-805. Because Petitioner failed to comply with these requirements, the trial court properly exercised its discretion and dismissed the petition for writ of certiorari; however, the trial court erred by designating the dismissal as a dismissal "with prejudice." When dismissing a petition based upon Tenn. Code Ann. § 41-21-805, the dismissal should be "without prejudice." As we explained in *Williams v. Bell*,

> The effect of an order of dismissal for failure to comply with Tenn. Code Ann. § 41-21-801, *et seq.* should be the same as resulted from an older form of defensive pleading known as the Plea in Abatement. Such a plea sought to suspend or defeat civil actions because of the manner in which the action was brought. Unlike the Plea in Bar, the Plea in Abatement did not address the merits of the claim itself, but rather some defect or irregularity in the complaint, such as improper venue, lack of jurisdiction, or failure to join an indispensable party, which would make continuation of the suit ineffective. When the Plea in Abatement was granted, the complaint was dismissed without prejudice to the plaintiff's right to receive a hearing on the merits, but filing another complaint with the defect corrected.
>
> While the Plea in Abatement and other technical forms of pleading have been abolished under the simplified rules found in the Rules of Civil Procedure, a claim that has not been heard on the merits may still be dismissed under the modern rules without prejudice. . . .
>
> It appears to us in enacting Tenn. Code Ann. § 41-21-805, *et seq.*, the Legislature intended to make it more burdensome for inmates to file frivolous complaints, while not raising the barrier against valid claims to an unreasonable height. A trial court may more confidently demand strict adherence to the statute if it knows that by doing so it is not thereby closing the door forever on a meritorious claim. We believe that we are advancing both legislative goals by ruling that dismissal for failure to comply with the statute is without prejudice.

*Williams*, 37 S.W.3d at 840. Therefore, an inmate's failure to comply with Tenn. Code Ann. § 41-21-805 creates grounds for dismissal *without* prejudice. Thus, the trial court abused its discretion by dismissing the petition with prejudice.

For the foregoing reasons, we affirm the dismissal of the petition for writ of certiorari based on Petitioner's violation of Tenn. Code Ann. § 41-21-805 but modify it to the extent that the dismissal is without prejudice.

## IN CONCLUSION

The judgment of the trial court is affirmed but modified to the extent that the dismissal is without prejudice, and this matter is remanded for entry of a judgment consistent with this decision. Costs of appeal are assessed against the appellant, Grenda Harmer.

_____
FRANK G. CLEMENT, JR., JUDGE