# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## EDDIE WILLIAMS, JR. v. RICKY BELL, ET AL.

### Direct Appeal from the Circuit Court for Davidson County
### No. 99C-414    Carol Soloman, Judge

---

### No. M1999-02124-COA-R3-CV - Decided May 25, 2000

---

A prisoner filed suit against eight employees of the Department of Correction, claiming numerous violations of his civil rights. The trial court dismissed the suit for failure to comply with Tenn. Code. Ann. § 41-21-801, et seq., which requires inmates who file their suits in forma pauperis to submit to the trial court a complete list of every previous claim or lawsuit filed by the inmate. We affirm the dismissal, but hold it to be without prejudice

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified and Remanded.

CANTRELL, P.J., M.S., delivered the opinion of the court, in which KOCH and CAIN, JJ. joined.

Eddie Williams, Jr., Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Pamela S. Lorch, Assistant Attorney General, for the appellee, State of Tennessee

## OPINION

### I.  Proceedings in the Chancery Court

On September 23, 1998, Eddie Williams Jr. filed a "Complaint for Violation of Civil Rights" in the Chancery Court of Davidson County. The complaint named as defendants five correctional officers at the Riverbend Maximum Security Institution including the Warden and Assistant Warden. An amended complaint increased the number of defendants to eight.

Mr. Williams claimed that he was denied access to law books that he needed for a post-conviction appeal. He also claimed that he was dismissed from his prison job and replaced with a white inmate because of racial prejudice. In his complaint and in subsequent motions, he asked the court among other things for a declaratory order that his constitutional rights had been violated; for an order directing the defendants to supply him with legal books, legal copies, notary service and

legal postage; for an injunction prohibiting the defendants from any further acts of racial discrimination; and for an award against the defendants of $10,000 in compensatory damages, and an unstated amount of punitive damages. He also filed a motion for default judgment.

On November 6, 1998, the original five defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Tenn. R. Civ. P. 12.02(6). The other defendants subsequently filed a motion for an extension of time in which to file a response, and a motion to be joined in the motion to dismiss.

On December 23, the trial court ruled on the plaintiff's pending motions. The chancellor denied the motion for default, and specifically rejected the motion for an order to compel the defendants to supply him with legal books, copies and other assistance, and the motion for a temporary restraining order or an injunction. The chancellor granted the defendants' motion for an extension of time in which to respond.

On February 5, 1999, the chancellor granted the defendants' motion to dismiss. The court noted that the plaintiff was seeking compensatory and punitive damages, and that the chancery court does not have jurisdiction to consider cases which seek an award of liquidated damages. Tenn. Code. Ann. § 16-11-102(a). The court accordingly transferred the case to the Circuit Court of Davidson County.

## II. Proceedings in the Circuit Court

In the circuit court, the defendants filed a supplemental memorandum of law in support of their motion to dismiss, and the plaintiff filed a response. The four grounds for dismissal contained in the defendants' memorandum were (1) that Mr. Williams failed to show that he had exhausted all his administrative remedies before filing his complaint, (2) that he failed to allege any facts demonstrating that the termination from his job was based on race, (3) that he failed to demonstrate that he had suffered any litigation-based injury from the alleged deprivation of access to legal materials, and (4) that he failed to comply with the requirements of Tenn. Code. Ann. § 41-21-805 because he did not file an affidavit listing his prior lawsuits or submit a certified copy of his trust account to the court.

The circuit court found that Mr. Williams' failure to comply with Tenn. Code. Ann. § 41-21-805 warranted dismissal of his complaint. The trial judge also considered the other grounds of dismissal, and found that she agreed with the defendants that Mr. Williams' claim of deprivation of access to legal materials could not be sustained. But she also found that he had stated a facially valid claim of racial discrimination, and declared herself satisfied with the proof he presented that he had exhausted his administrative remedies. This appeal followed.

### III.  Dismissal Under Tenn. Code. Ann. § 41-21-805

Tenn. Code. Ann. § 41-21-801, et seq., imposes a duty upon inmates who file claims in forma pauperis to submit affidavits documenting their prior history of litigation, before a trial court can rule on their current claims.  One purpose of the statutory scheme is to bar inmates who have filed malicious or frivolous claims from filing any further lawsuits until they have paid the costs that have accrued from those prior claims.  Tenn. Code. Ann. § 41-21-812.[1]  Federal statutes impose similar restrictions in federal courts on proceedings in forma pauperis.  *See* 28 U.S.C. § 1915.

This state's requirements for reporting an inmate's litigation history are set out in detail in Tenn. Code. Ann. § 41-21-805:

> **Affidavit of inability to pay - Requirements.-** (a) Any inmate who files a claim with an affidavit of inability to pay costs shall file a separate affidavit with the following information:
>
> (1) A complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed;  and
>
> (2) For each claim or action listed in subsection (a):
>
> | | |
> |---|---|
> | (A) | The operative facts for which relief was sought; |
> | (B) | The case name, case number and court in which the suit or claim was filed; |
> | (C) | The legal theory on which the relief sought was based; |
> | (D) | The identification of each party named in the action;  and |
> | (E) | The final result of the action, including dismissal as frivolous or malicious under this part or otherwise. |
>
> (b) If the affidavit filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit must state the date of the final order affirming the dismissal.
>
> (c) The affidavit must be accompanied by a current certified copy of the inmate's trust account statement.

---

[1] The prohibition against filing subsequent lawsuits before paying the costs associated with malicious or frivolous lawsuits is not absolute.  Tenn. Code. Ann. § 41-21-812(b) reads "[a] court may allow an inmate who has not paid any costs or expenses assessed against the inmate to file a claim for injunctive relief seeking to enjoin an act or failure to act that creates a substantial threat of irreparable injury or serious physical harm to the inmate."

On appeal, Mr. Williams claims that he furnished the chancery court with the information required by Tenn. Code Ann. § 41-201-805. We have found in the record a single affidavit by Mr. Williams containing such information for one case only, *Williams v. Dutton*, 3:90-0288 (U.S. District Court, M.D. Tenn). The plaintiff has, however, attached to his brief on appeal a list of no less than 13 lawsuits that he has filed in the court system in Tennessee. While his list includes each case name and number, the court in which it was filed, and a few words about its disposition, it does not include all the information required by Tenn. Code. Ann. § 21-41-805(a)(2).

The defendants have appended to their brief a copy of a final order of the United States District Court (E.D. Tenn.) in the case of *Eddie Williams Jr. v. James Morrow, et al*, No. 3:97-CV-815, filed Mar. 30, 1998. The order strongly implies that Mr. Williams had filed three or more civil actions which have been dismissed as either frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

We affirm the lower court's dismissal of the plaintiff's complaint, but we hold that the dismissal is without prejudice. The effect of an order of dismissal for failure to comply with Tenn. Code. Ann. § 41-21-801, et seq. should be the same as resulted from an older form of defensive pleading known as the Plea in Abatement. Such a plea sought to suspend or defeat civil actions because of the manner in which the action was brought. Unlike the Plea in Bar, the Plea in Abatement did not address the merits of the claim itself, but rather some defect or irregularity in the complaint, such as improper venue, lack of jurisdiction, or failure to join an indispensable party, which would make continuation of the suit ineffective. When the Plea in Abatement was granted, the complaint was dismissed without prejudice to the plaintiff's right to receive a hearing on the merits, by filing another complaint with the defect corrected. *See generally, Abatement, Survival and Revival,* 1 Tennessee Jurisprudence (1982).

While the Plea in Abatement and other technical forms of pleading have been abolished under the simplified rules found in the Rules of Civil Procedure, a claim that has not been heard on the merits may still be dismissed under the modern rules without prejudice. The question of whether an inmate's failure to file a Tenn. Code. Ann. § 41-21-805 affidavit should receive such treatment is not quite a question of first impression, because this court has already answered that question in the affirmative once, although without discussion of the reasons. *Sanders v. Campbell*, 02A01-9810-CV-00299 (Tenn. Ct. App. Oct. 30, 1999).

It appears to us that in enacting Tenn. Code. Ann. § 41-21-805 et seq., the Legislature intended to make it more burdensome for inmates to file frivolous complaints, while not raising the barrier against valid claims to an unreasonable height. A trial court may more confidently demand strict adherence to the statute if it knows that by doing so it is not thereby closing the door forever on a meritorious claim. We believe that we are advancing both legislative goals by ruling that dismissal for failure to comply with the statute is without prejudice.

While the defendants have primarily asked us to affirm the dismissal of the complaint, they have also requested that we hold the trial court in error for finding that Mr. Williams had exhausted his administrative remedies, and that he had stated a facially valid claim of racial discrimination. We need not address these additional arguments, for dismissal of a claim for failure to comply with Tenn. Code. Ann. § 41-21-801, et seq., should preclude further consideration of the merits of the claim by the trial court. Any findings resulting from that consideration are therefore without legal effect.

## IV.

The dismissal of the plaintiff's claim is affirmed, but without prejudice. Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.