IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief February 7, 2002 Session

## RONNIE BRADFIELD, a/k/a PAUL FARNSWORTH v. JAMES DUKES, ET AL.

**Direct Appeal from the Chancery Court for Lauderdale County**
**No. 11,881     Martha B. Brasfield, Chancellor**

_____

**No. W2001-02067-COA-R3-CV - Filed April 17, 2002**

_____

Appellant is an inmate housed in the custody of the Tennessee Department of Corrections (TDOC). Appellant filed a writ of certiorari with the trial court asserting that the TDOC violated his rights under the Americans with Disabilities Act and section 1983 of the U.S. Code. Appellant also claimed that the parole board refused to provide scheduled parole hearings in 1994 and 1995. The trial court dismissed the case ruling that a writ of certiorari was not proper in this case, that Appellant did not exhaust his administrative claims, and that the petition was not timely. For the reasons below, we affirm the trial court's dismissal of the case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Ronnie Bradfield, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General for the appellees, James Dukes, Tennessee Department of Correction and Donal Campbell.

**OPINION**

Ronnie Bradfield, a/k/a Paul Farnsworth, is an inmate within the custody of the Tennessee Department of Corrections (TDOC), currently housed at the West Tennessee State Penitentiary in Lauderdale County, Tennessee. Mr. Bradford filed a petition for a writ of certiorari and a temporary restraining order against the TDOC in the Chancery Court for Lauderdale County. In his petition, Mr. Bradfield asserted that the TDOC violated his rights under the Americans with Disabilities Act (ADA) and 42 U.S.C. § 1983.

Subsequent to filing his petition, Mr. Bradfield filed an amendment to the writ of certiorari. In the amendment, Mr. Bradfield asserted that he was scheduled for parole hearings in 1994 and 1995. Mr. Bradfield maintained that the TDOC acted "illegally, fraudulently and arbitrarily" when it denied the hearings. In addition to the amendment to the writ of certiorari, Mr. Bradfield filed a "motion to file a class action." In that motion, Mr. Bradfield sought to add several unnamed parties to his ADA claim.

Citing improvements in his living conditions, Mr. Bradfield withdrew his motion for a temporary restraining order against the TDOC. In a letter accompanying his motion to withdraw the temporary restraining order, Mr. Bradfield stated that he would dismiss the writ of certiorari if the TDOC would place him in a better facility. Mr. Bradfield also stipulated that he would not file additional suits regarding this matter if the TDOC agreed to his proposal.

The TDOC filed a motion to dismiss Mr. Bradfield's petition pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure, stating that Mr. Bradfield failed to state a claim. The trial court granted the TDOC's motion to dismiss. The trial court reasoned that it could not review Mr. Bradfield's case because there were no board hearings in this matter. The court further ruled that Mr. Bradfield failed to exhaust his administrative remedies. Finally, the court stated that a petition for a writ of certiorari must be filed within 60 days for the final decision of the reviewing board or commission. Because the board's actions took place in 1994 and 1995, the court ruled that Mr. Bradfield was not entitled to a writ of certiorari to review those decisions.

Mr. Bradfield appeals the trial court's decision. The issues before this Court, as stated by Mr. Bradfield, are the following:

I. Whether Appellant stated a claim for relief to be granted, in his original and amended Writ, and that motion to withdraw his "TRO" and not Writ does allow original writ to went unruled and is still outstanding and requires a ruling.

II. Whether Appellant should have been allowed his discovery before complaint was dismissed.

III. Whether Plaintiff's amended Writ should have been dismissed.

The TDOC initially argued before the trial court that Mr. Bradfield's claim should be dismissed because he did not comply with the requirements listed in section 41-21-805 of the Tennessee Code. The TDOC maintains that position on appeal. We must examine the TDOC's position because "Tenn. Code Ann. § 41-21-801, et seq., imposes a duty upon inmates who file claims in forma pauperis to submit affidavits documenting their prior history of litigation, before a trial court can rule on their current claims." *Williams v. Bell*, 37 S.W.3d 477, 479 (Tenn. Ct. App. 2000). Section 41-21-805 of the Tennessee Code states as follows:

**Affidavit of inability to pay – Requirements. –** (a) Any inmate who files a claim with an affidavit of inability to pay costs shall file a separate affidavit with the following information:

(1) A complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed; and

(2) For each claim or action listed in subsection (a):

(A) The operative facts for which relief was sought;

(B) The case name, case number and court in which the suit or claim was filed;

(C) The legal theory on which the relief sought was based;

(D) The identification of each party named in the action; and

(E) The final result of the action, including dismissal as frivolous or malicious under this part or otherwise.

(b) If the affidavit filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit must state the date of the final order affirming the dismissal.

(c) The affidavit must be accompanied by a current certified copy of the inmate's trust account statement.

Tenn. Code Ann. § 41-21-805 (1997).

The TDOC maintains that Mr. Bradfield has filed several other lawsuits and claims. In support of its argument, the TDOC cites the following cases: *Farnsworth v. Bowlen*, No. 98-6735, 2000 U.S. LEXIS 24999 (6th Cir. June 22, 2000); *Farnsworth v. Moore*, No. E2000-01623-COA-R3-CV, 2000 Tenn. App. LEXIS 829 (Tenn. Ct. App. Dec. 27, 2000) (*no perm. app. filed*); *Bradfield v. Dotson*, No. 02A01-9902-CV-00060, 1999 Tenn. App. LEXIS 616 (Tenn. Ct. App. Sept. 9, 1999) (*no perm. app. filed*); *Bradfield v. City of Memphis*, No. 02A01-9808-CV-00220, 1999 Tenn. App. LEXIS 580 (Tenn. Ct. App. Aug. 24, 1999) (*no perm. app. filed*); *Farnsworth v. Compton*, No. 02A01-9809-CV-00257, 1999 Tenn. App. LEXIS 360 (Tenn. Ct. App. June 7, 1999) (*no perm. app. filed*); *Bradfield v. Cole*, No. 02A01-9707-CV-00171, 1998 Tenn. App. LEXIS 136 (Tenn. Ct. App. Feb. 26, 1998) *perm. app. denied* (Tenn. Sept. 21, 1998); *Bradfield v. Campbell*, No. 02A01-9708-CV-00192, 1998 Tenn. App. LEXIS 45 (Tenn. Ct. App. Jan. 21, 1998) (*no perm. app. filed*); *Bradfield v. Compton*, No. 02A01-9705-CH-00111, 1998 Tenn. App. LEXIS 24 (Tenn. Ct. App. Jan. 13, 1998) *perm. app. denied* (Tenn. June 8, 1998); and *Farnsworth v. Kenya*, No. 02A01-9707-CV-00145, 1997 Tenn. App. LEXIS 770 (Tenn. Ct. App. Nov. 4, 1997) (*no perm. app. filed*). An examination of the above cases illustrates that Mr. Bradfield has indeed filed several suits prior to filing the case presently before this Court.

With his petition, Mr. Bradfield filed a "Uniform Civil Affidavit of Indigency." As Mr. Bradfield asserted that he was unable to bear the expenses of his cause of action, he was required to comply with section 41-21-805 of the Tennessee Code. Mr. Bradfield failed to list any of the

lawsuits or claims that he has previously filed.  As such, Mr. Bradfield did not comply with section 41-21-805 of the Tennessee Code, and his suit should have been dismissed pursuant to that section.

Because the trial court should have dismissed Mr. Bradfield's petition for his failure to comply with Tenn. Code Ann. § 41-21-801, et seq., it was not necessary for the court to consider the merits of Mr. Bradfield's claim.  *Williams v. Bell*, 37 S.W.3d 477, 480-481 (Tenn. Ct. App. 2000).  Those rulings by the trial court are without legal effect.  *Id.* at 481.  Accordingly, we will not address those rulings on this appeal.

We affirm the trial court's dismissal of Mr. Bradfield's petition.  Costs of this appeal are taxed to Ronnie Bradfield, a/k/a Paul Farnsworth for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE