IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2009

# JAMES LAFAYETTE MOORE v. TURNEY CENTER DISCIPLINARY BOARD ET AL.

### Appeal from the Chancery Court for Hickman County
### No. 08-345C      James G. Martin, III, Judge

### No. M2009-01056-COA-R3-CV - Filed April 7, 2010

Inmate appeals the trial court's dismissal of a petition for writ of certiorari challenging a decision of the prison disciplinary board. Because we have determined that the trial court erred in failing to allow the inmate to amend his petition, we vacate the trial court's order of dismissal and remand for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

James LaFayette Moore, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Jennifer L. Brenner, Office of the Attorney General, Civil Rights and Claims Division; for the appellees, Turney Center Disciplinary Board, Commissioner George M. Little, James Fortner, Mark W. Carroll, Mark Turney, and Lannie Dedrick.

## OPINION

James Lafayette Moore, an inmate of the Tennessee Department of Correction ("TDOC"), filed a petition for common law writ of certiorari on December 18, 2008, against the Turney Center Disciplinary Board (the "Board"), its members, the warden, and the TDOC commissioner. Mr. Moore challenged the Board's decision finding him guilty of the offense of assault on an offender with injury. He alleged that the defendants failed to follow TDOC disciplinary policy, violated his due process rights, and acted arbitrarily and illegally.

On March 9, 2009, the defendants filed a motion to dismiss Mr. Moore's petition on the grounds (1) that he failed to meet the statutory requirements of Tenn. Code Ann. §§ 41-21-805 and 41-21-807 in that he failed to provide a complete list of previous lawsuits filed and (2) that he failed to disclose two sources of income on the Uniform Civil Affidavit of Indigency. Mr. Moore filed a response on March 24, 2009.

On April 14, 2009, the trial court entered an order dismissing the petition pursuant to Tenn. Code Ann. § 41-21-804 on the basis that Mr. Moore failed to disclose three previous lawsuits: *James L. Moore v. State of Tennessee*, Wayne County Circuit Court case number 13753; *James L. Moore v. State of Tennessee*, Tennessee Claims Commission case number 500464; and *James L. Moore v. State of Tennessee*, Tennessee Court of Criminal Appeals case number M2003-00247-CCA-R3-PC.[1] Mr. Moore filed a motion to vacate and set aside the April 2009 order on May 7, 2009. The court denied Mr. Moore's motion on July 7, 2009. Mr. Moore appealed.

In response to a motion filed by Mr. Moore, the trial court entered an order to supplement the record on appeal with several exhibits. These supplemental exhibits indicate that Mr. Moore attempted to amend his petition prior to the trial court's dismissal of his case. On March 24, 2009, the Hickman County Clerk and Master sent Mr. Moore a letter stating as follows: "I am returning your amended affidavit to you because we have to have a court order allowing you to do this since an answer already has been filed." The amended affidavit submitted to the clerk and master by Mr. Moore added three additional prior lawsuits: case number 99-1603-III in Davidson County Chancery Court, described as a petition for a declaratory order; case number 13753 in Wayne County Circuit Court, described as a writ of habeas corpus; and case number M2003-00247-CCA-R3-PC in the Tennessee Court of Criminal Appeals, described as a post-conviction appeal. According to Mr. Moore's amended affidavit, none of these claims had been dismissed as frivolous or malicious.[2]

On appeal, Mr. Moore argues that the trial court erred in two respects: (1) by denying him the opportunity to file an amended affidavit pursuant to Tenn. Code Ann. § 41-21-801 *et seq.* before any responsive pleading by the defendants; and (2) by failing to hold a hearing to determine whether Mr. Moore filed a false affidavit as claimed by the defendants.

---

[1]The trial court's order of dismissal does not describe the nature of the omitted claims.

[2]The documents Mr. Moore submitted to the clerk and master also addressed the second ground for dismissal asserted by the defendants, i.e. the income information provided on the Uniform Civil Affidavit of Indigency. Since the trial court did not rely on this ground in its order of dismissal, we need not discuss it.

ANALYSIS

The trial court relied upon a single ground in its order of dismissal: failure to disclose all prior lawsuits as required by Tenn. Code Ann. § 41-21-805. It appears, however, that Mr. Moore attempted to amend his affidavit prior to the trial court's order of dismissal.

Tenn. Code Ann. § 41-21-805 contains the requirements for an inmate's affidavit of inability to pay, including "[a] complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed." Tenn. Code Ann. § 41-21-805(a)(1). A "claim" is defined as "any lawsuit or appeal filed by an inmate except a petition for post-conviction relief." Tenn. Code Ann. § 41-21-801(1). This court has previously stated that "[t]he purpose of Tenn. Code Ann. § 41-21-805 is to discourage the filing of meritless lawsuits at public expense, while not raising the barrier against valid claims to an unreasonable height." *Adams v. Tenn. Dep't of Corr.*, No. M2005-00471-COA-R3-CV, 2007 WL 1574277, at *3 (Tenn. Ct. App. May 30, 2007). An inmate's failure to comply with Tenn. Code Ann. § 41-21-805 may be grounds for the dismissal without prejudice of a petition filed in forma pauperis. Tenn. Code Ann. § 41-21-804(a); *Williams v. Bell*, 37 S.W.3d 477, 480 (Tenn. Ct. App. 2000).

The clerk and master of the trial court declined to file Mr. Moore's amended affidavit on the ground that "we have to have a court order allowing you to do this since an answer already has been filed." Pursuant to Tenn. R. Civ. P. 15.01, "A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served . . . ." Otherwise, a party must receive leave of court or consent of the adverse party in order to amend pleadings. Tenn. R. Civ. P. 15.01. As this court has previously recognized, "[a] motion to dismiss is not a responsive pleading, therefore, a plaintiff who seeks to amend his or her complaint prior to the filing of [an] answer by the defendant may do so without leave of court." *Mosby v. Colson*, No. W2006-00490-COA-R3-CV, 2006 WL 2354763, at *11 (Tenn. Ct. App. Aug. 14, 2006); *see also Adams*, 2007 WL 1574277, at * 4. The defendants in this case had not filed an answer when Mr. Moore submitted his amendments to the clerk and master.

We conclude, therefore, that Mr. Moore's petition should have been considered amended. Since the amendments submitted by Mr. Moore addressed the deficiencies identified by the trial court in its order of dismissal, the trial court's failure to consider the proposed amendments was not harmless error.[3]

---

[3]Although we need not address Mr. Moore's other issue on appeal, the failure of the trial court to hold a hearing to determine whether he had filed a false affidavit, we find nothing in the record to indicate

(continued...)

We vacate the trial court's order of dismissal and remand for further proceedings consistent with this opinion. Costs of appeal are assessed against the appellees, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[3](...continued)
that Mr. Moore ever requested a hearing.