# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 2, 2016

## WILLIE JOHNSON v. TURNEY CENTER DISCIPLINARY BOARD ET AL.

### Appeal from the Chancery Court for Hickman County
### No. 15-CV-5594      Joseph A. Woodruff, Judge

_____

### No. M2016-00424-COA-R3-CV-Filed September 30, 2016

_____

An inmate of the Tennessee Department of Correction filed a petition for common law writ of certiorari seeking review of his prison disciplinary conviction. The trial court dismissed the petition on the grounds that the court lacked subject matter jurisdiction to review his petition because the petitioner failed to file the documents required under Tenn. Code Ann. § 27-9-102, and failed to comply with the filing requirements of Tenn. Code Ann. § 41-21-805 and § 41-21-807. This appeal followed. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

Willie Johnson, Nashville, Tennessee, Pro se.

Herbert H. Slatery, III, Attorney General and Reporter, and Charlotte Davis, Assistant Attorney General, Nashville, Tennessee, for the appellees, the Turney Center Disciplinary Board, Daniel Epley, Debra Johnson, and Derrick Schofield.

### MEMORANDUM OPINION[1]

Willie Johnson ("Petitioner") is an inmate in the custody of Tennessee Department of Correction, who is currently housed at the Riverbend Maximum Security Institution in

---

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Nashville, Tennessee.[2] On September 21, 2015, Petitioner filed a petition for common law writ of certiorari with the Chancery Court of Hickman County, Tennessee, seeking review of a disciplinary conviction by the Turney Center Disciplinary Board. The named respondents are the Turney Center Disciplinary Board, Daniel Epley, Debra Johnson, and Derrick Schofield ("Respondents").

Respondents filed a motion to dismiss the claim on October 23, 2015. The grounds for the motion were that the trial court lacked subject matter jurisdiction because Petitioner failed to supply the trial court with statutorily required documents that are to accompany an inmate's petition for writ of certiorari. The motion was granted and an order dismissing the petition was entered on November 3, 2015. The order granting the motion to dismiss the petition reads:

> This case came before the Court for review upon the petition for writ of certiorari and the Respondent's motion to dismiss, after which the Court is of the opinion that the respondent's motion is well-taken and should be granted. Petitioner failed to: (1) file the petition and the required supporting documents within the statutory limits of Tenn. Code Ann. § 27-9-102, and; (2) comport to the filing requirements of § 41-21-805 and § 41-21-807. Because Petitioner has not complied with these statutory requirements, the Court lacks subject matter jurisdiction to review his petition for writ of certiorari.
>
> Therefore, the motion to dismiss is GRANTED.

Petitioner timely filed a Motion to Alter or Amend Judgment on November 20, 2015. Respondents filed their response in opposition to the motion on December 7, 2015. The trial court denied the motion and a final judgment was entered on February 1, 2016. The order denying the motion reads:

> This case is before the Court pursuant to Plaintiff's Motion To Alter Or Amend Judgment, filed Nov. 20, 2015. Plaintiff, an inmate at the Turney Correctional Center, seeks an order altering or amending the Order Granting Motion To Dismiss Writ Of Cert entered by this court, Deanna Bell Johnson, Chancellor, on November 3, 2015.
>
> Plaintiff advances three arguments in support of his Motion: (i) Plaintiff was not accorded 30 days within which to answer the Defendants' Motion To Dismiss; (ii) Plaintiff filed his writ timely in accordance with the so-

---

[2] Petitioner was housed at the Turney Central Industrial Complex at the time of the incident that gave rise to this litigation. However, he was transferred to Riverbend Maximum Security Institution in August 2015.

called "inmate mailbox rule"; and, (iii) Plaintiff's failure to comply with the requirements of T.C.A. Sections 41-21-805 and 41-21-807 should be excused due to delay in Plaintiffs receipt of the documents required by those code provisions to be filed with his writ.

Defendant seeks to apply the time requirements for answering counterclaims with the notice and response requirements applicable to motions to dismiss. Plaintiff was not entitled to a thirty-day period for his response to Defendants' motion. Therefore, for this reason, Plaintiff's motion to alter or amend is not well taken.

Plaintiff did not support his claim that his writ was timely filed with affidavits or other matters of an evidentiary nature. Nevertheless, for purposes of deciding this motion, the Court will accept Plaintiffs factual assertions with respect to the filing of his writ as having been proved. This, however, does not end the enquiry.

Plaintiff admittedly failed to support his writ with certified copies of his inmate trust account, as is required by T.C.A. Sec. 41-21-805(c) and 41-21-807(a). The evidence filed by Plaintiff with his motion shows that Plaintiff requested such certified copies from the prison Records Office on September 4, 2015. The request was complied with and Plaintiff received the required records on September 21, 2015. Nevertheless, Plaintiff did not file such records until November 20, 2015 and even then failed to serve them on counsel for the Defendants. The Court agrees with Defendants' argument that "[t]he prisoner mailbox rule serves to protect inmates from untimely filings when prison officials are tardy mailing documents—not when inmates are tardy requesting and submitting documents."

In granting Defendants' motion to dismiss, the Court wrote "Petitioner failed to: (1) file the petition and the required supporting documents within the statutory limits of [Tenn. Code Ann. § 27-9-102], and; (2) comport to the filing requirements of [Sec.] 41-21-805 and [Sec.] 41-21-807." Plaintiffs motion to alter or amend provides no basis for granting Plaintiff relief from the Nov. 3, 2015 order. Plaintiffs Motion to Alter or Amend Judgment is therefore without merit and is due to be denied.

IT IS THEREFORE ORDERED THAT: For the foregoing reasons, Plaintiffs Motion to Alter or Amend Judgment is DENIED.

This appeal followed.

ANALYSIS

The dispositive issue in this appeal is whether the trial court properly dismissed the petition for writ of certiorari for lack of subject matter jurisdiction.

"Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). It "cannot be conferred by waiver or consent," *Talley v. Bd. of Prof'l Responsibility*, 358 S.W.3d 185, 192 (Tenn. 2011), and "is generally defined by the constitution or statute and conferred by the authority that organizes the courts." *Meighan*, 924 S.W.2d at 639. Tenn. R. Civ. P. 12.02(1) states that lack of jurisdiction over subject matter is grounds for dismissal. Appellate courts review the issue of subject matter jurisdiction de novo without a presumption of correctness. *See Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712-13 (Tenn. 2012).

Generally, litigants commencing a civil action in a Tennessee court must file a cost bond and pay an initial filing fee. *Spates v. Howell*, 420 S.W.3d 776, 783 (Tenn. Ct. App. 2013). However, indigent litigants may be excused from filing a cost bond by filing a Uniform Civil Affidavit of Indigency stating that they are entitled to relief but are unable to bear the expense of litigation due to their poverty. *See* Tenn. Code Ann. § 20-12-127; *see also* Tenn. Sup. Ct. R. 29 ("[A]ny civil action may be commenced by a resident of this state without giving security as required by law for costs and without payment of litigation taxes due by filing the oath of poverty set out in the statute and by filing an affidavit of indigency as prescribed by court order."). A person is deemed to be indigent, or in poverty, if they meet the Legal Services Corporation's poverty guidelines published in Appendix A, Part 1611 of the Code of Federal Regulations. *See* Tenn. Sup. Ct. R. 29. Once determined to be in poverty, litigants are considered to be proceeding in forma pauperis.

The foregoing notwithstanding, inmates who wish to proceed in forma pauperis must comply with additional statutory requirements. Specifically, two statutes require inmates to file, *inter alia*, a certified copy of their trust account along with their affidavit of indigency. Tenn. Code Ann. § 41-21-805(c) expressly states that an inmate's "affidavit [of inability to pay court costs] *must be accompanied by a current certified copy of the inmate's trust account statement.*" Tenn. Code Ann. § 41-21-805(c) (emphasis added). A second statute, Tenn. Code Ann. § 41-21-807(a), additionally provides:

> An inmate seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security for the fees, in addition to filing the affidavit required by § 41-21-805, *shall submit a certified copy of the trust fund account statement, or the institutional equivalent*, for the inmate for the six-month period immediately preceding

the filing of the complaint or notice of appeal, obtained from the appropriate official of each facility at which the inmate is or was confined.

Tenn. Code Ann. § 41-21-807(a) (emphasis added).

Petitioner failed to file a certified copy of his trust account statement, or institutional equivalent, prior to the dismissal of his petition. On November 20, 2015, two weeks after the case was dismissed, Petitioner filed a trust fund account statement that he obtained two months earlier, on September 21, 2015; however, he failed to provide a justifiable excuse for the delay in complying with the statutory requirements.

An inmate's failure to comply with Tenn. Code Ann. § 41-21-805 may be grounds for dismissal. Tenn. Code Ann. § 41-21-804(a); *see e.g.*, *Williams v. Bell*, 37 S.W.3d 477, 480 (Tenn. Ct. App. 2000); *Moore v. Turney Ctr. Disciplinary Bd.*, No. M2009-01056-COA-R3-CV, 2010 WL 1404444, at *2 (Tenn. Ct. App. Apr. 7, 2010). Because Petitioner failed to comply with these requirements, the trial court properly exercised its discretion in dismissing the petition for writ of certiorari and properly exercised its discretion to deny the motion to alter or amend the order dismissing the petition.

For the foregoing reasons, we affirm the dismissal of the petition for writ of certiorari based on Petitioner's violation of Tenn. Code Ann. § 41-21-805.

### IN CONCLUSION

The judgment of the trial court is affirmed. Costs of appeal are assessed against the appellant, Willie Johnson.

_____
FRANK G. CLEMENT, JR., P.J., M.S.