IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2018

**EARL VANTREASE V. CORECIVIC ET AL.**

**Appeal from the Circuit Court for Hardeman County**
**No. 17-cv-36          J. Weber McCraw, Judge**

_____

**No. W2018-00819-COA-R3-CV**

_____

Earl Vantrease and Justin Howell, both of whom are inmates at Whiteville Correctional Facility, filed a complaint against several defendants alleging various claims, including the failure to provide a diet program that comports with the plaintiffs' religious beliefs. Mr. Vantrease filed an affidavit of inability to pay costs and statutorily mandated accompanying documents. *See* Tenn. Code Ann. § 41-21-801, *et seq*. Defendants filed a motion to dismiss arguing that Mr. Vantrease failed to include all required information in his accompanying documents. The trial court agreed; it entered an order dismissing the complaint for failure to comply with Tenn. Code Ann. § 41-21-805. Mr. Vantrease appeals. We affirm the trial court's dismissal of the complaint without prejudice.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed: Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which RICHARD H. DINKINS and KENNY ARMSTRONG, JJ., joined.

Earl Vantrease, Whiteville, Tennessee, appellant, pro se.

James I. Pentecost and J. Austin Stokes, Jackson, Tennessee, for the appellees, Kumetrus Bonner, Tamara Ford, Bobby Leek, Valeria Duncan Rivers-Rayner, Chad Rogers, Nicole Walker, and the entity Corecivic.

No appearance by or on behalf of Justin Howell.

# OPINION

## I.

On November 7, 2017, Mr. Vantrease and Mr. Howell filed their complaint as *pro se* litigants. Along with the complaint, Mr. Vantrease filed a Uniform Civil Affidavit of Indigency, an affidavit pursuant to Tenn. Code Ann. § 41-21-805, an affidavit pursuant to Tenn. Code Ann. § 41-21-806, and an affidavit from 2016 regarding his trust account with supporting trust account documentation covering from around November 2015 through July 2016. Defendants filed a motion to dismiss and an accompanying memorandum of law. Therein, defendants argue that Mr. Vantrease failed to disclose all prior cases along with his affidavit of inability to pay costs. Defendants also alleged that plaintiff failed to file the proper documents concerning his trust account.

Plaintiff Vantrease subsequently filed an "Amended – Uniform Civil Affidavit of Indigency," and an "Amended – Affidavit: Lawsuits or claims Previously Filed." He also filed a response to defendants' motion to dismiss. On April 4, 2018, the trial court entered an order dismissing the complaint. The court summarily held that plaintiffs did not comply with the mandates of Tenn. Code Ann. § 41-21-805.

## II.

Plaintiff Vantrease argues on appeal that the trial court erred in granting defendants' motion to dismiss.

Defendants attempt to argue on appeal that plaintiff failed to appropriately exhaust administrative remedies, as required by Tenn. Code Ann. § 41-21-806(a); this issue was not raised to the court in defendants' motion to dismiss and therefore is improper for consideration on appeal.

## III.

We review the trial court's legal conclusions regarding the adequacy of a complaint *de novo*. ***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426 (Tenn. 2011). We are mindful of the fact that plaintiff presents as a *pro se* litigant. Parties who represent themselves are entitled to fair and equal treatment by the courts; nevertheless, "the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." ***Young v. Barrow,*** 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). Therefore, courts may "not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." ***Id.***

## IV.

The statutory scheme at issue imposes a duty upon inmates who file claims in *forma pauperis* to submit affidavits documenting every lawsuit or claim previously filed by the inmate. Tenn. Code Ann. § 41-21-805 requires the following:

> (a) Any inmate who files a claim with an affidavit of inability to pay costs shall file a separate affidavit with the following information:
>
> (1) A complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed; and
>
> (2) For each claim or action listed in subsection (a):
>
> (A) The operative facts for which relief was sought;
> (B) The case name, case number and court in which the suit or claim was filed;
> (C) The legal theory on which the relief sought was based;
> (D) The identification of each party named in the action; and
> (E) The final result of the action, including dismissal as frivolous or malicious under this part or otherwise.
>
> (b) If the affidavit filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit must state the date of the final order affirming the dismissal.
>
> (c) The affidavit must be accompanied by a current certified copy of the inmate's trust account statement.

Tenn. Code Ann. § 41-21-805.

Tenn. Code Ann. § 41-21-805 does not require an inmate to list every legal matter in which he or she has been involved as a party. The plain language of the statute states otherwise. As noted above, the inmate is to provide a "complete list of every lawsuit or claim previously *filed by the inmate…*" Tenn. Code Ann. § 41-21-805(a)(1) (emphasis added). A " 'claim' means any lawsuit or appeal filed by an inmate except a petition for post-conviction relief." Tenn. Code Ann. § 41-21-801(1). One of the purposes "of the statutory scheme is to bar inmates who have filed malicious or frivolous claims from filing any further lawsuits until they have paid the costs that have accrued from those prior claims." ***Williams v. Bell***, 37 S.W.3d 477, 479 (Tenn. Ct. App. 2000).

The list of lawsuits acknowledged by Mr. Vantrease has steadily increased as this civil action has proceeded. Mr. Vantrease's initial filing identified three (3) matters in which he was involved. Following defendants' motion to dismiss, Mr. Vantrease filed an amended affidavit listing six (6). On appeal, defendants identify nine (9) matters filed by Mr. Vantrease. It is apparent that Mr. Vantrease failed to provide all information mandated by Tenn. Code Ann. § 41-21-805 in his affidavit. A dismissal by the trial court was therefore proper.

In affirming the decision of the trial court, we clarify that the dismissal is without prejudice, which was not indicated on the court's order. As this Court has stated,

> [i]n enacting Tenn. Code. Ann. § 41–21–805 et seq., the Legislature intended to make it more burdensome for inmates to file frivolous complaints, while not raising the barrier against valid claims to an unreasonable height. A trial court may more confidently demand strict adherence to the statute if it knows that by doing so it is not thereby closing the door forever on a meritorious claim.

***Williams v. Bell***, 37 S.W.3d 477, 480 (Tenn. Ct. App. 2000) (holding that a dismissal for failure to comply with Tenn. Code Ann. § 41-21-801, *et seq*. is without prejudice).

## V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Earl Vantrease. Case remanded for collection of costs on appeal.

_____
CHARLES D. SUSANO, JR., JUDGE