# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 7, 2019

## GERALD A. SANFORD, SR. v. TENNESSEE DEPARTMENT OF CORRECTION ET AL.

### Appeal from the Circuit Court for Wayne County
### No. 4727     Robert L. Jones, Judge

_____

### No. M2018-00860-COA-R3-CV

_____

An inmate housed in a private prison filed a complaint naming several defendants including the Tennessee Department of Correction, the owner of the prison, and the owner's employees. The complaint alleged several causes of action, including various violations of his constitutional rights, defamation, and breach of contract. All defendants filed motions to dismiss averring that the inmate failed to state any claims for which relief could be granted, and that the inmate failed to comply with the procedural requirements applicable to inmates bringing civil claims *in forma pauperis*. We affirm as modified.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and ANDY D. BENNETT, JJ., joined.

Gerald A. Sanford, Sr., Clifton, Tennessee, Pro se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Jennifer Brenner, Senior Assistant Attorney General, for the appellees, Tennessee Department of Correction and Robert Cole Turman.

James I. Pentecost and J. Austin Stokes, Jackson, Tennessee, for the appellees, CoreCivic, Danny Dodd, Cinthia J. Kelley, Shane McClain, Scott Peeler, Brenda Pevahouse, Leigh Staggs, Daniel V. Toler, Tonya Warner, and Bruce Woods.

# MEMORANDUM OPINION[1]

## Background

This is an inmate lawsuit that was brought based on events that allegedly transpired within the South Central Correctional Facility ("SCCF") in Wayne County, Tennessee. SCCF is a private facility that is operated by CoreCivic. At all times relevant to this appeal, Petitioner/Appellant Gerald A. Sanford, Sr. ("Mr. Sanford") was housed at SCCF. Mr. Sanford filed his original complaint with the Wayne County Circuit Court ("trial court") on October 18, 2017, naming CoreCivic, several CoreCivic employees, the Tennessee Department of Correction ("TDOC"), and TDOC employee Robert Turman (collectively "Appellees" or "Respondents") as defendants. The complaint spanned nearly five-hundred paragraphs, but the allegations contained therein were essentially based upon a handful of incidents in which Mr. Sanford alleged that his constitutional rights were violated, or that a tort was committed against him by SCCF employees.

Specifically, Mr. Sanford discussed an incident in which he was taken to administrative segregation and, while he was gone, several pieces of property were taken from his cell. Mr. Sanford faulted the correctional officers of SCCF for allowing this to occur. Mr. Sanford also alleged that he was improperly dismissed from his job in the SCCF kitchen due to pleading guilty to a disciplinary infraction involving his possession of a cell phone. Moreover, Mr. Sanford described a series of incidences in which he attempted to file inmate grievances regarding his missing property and other various issues, and those grievances were confiscated by an employee of CoreCivic. Overall, Mr. Sanford appears to allege that because of his grievances and because he is well-known in the facility as being a "grievance writer," the employees of CoreCivic were retaliating against Mr. Sanford. In buttressing his allegation of retaliation, Mr. Sanford describes several other disagreements with SCCF staff, including being denied access to a toilet, being denied access to the SCCF library, and being placed in an upper level cell despite Mr. Sanford's contention that he has a medical designation mandating that he only be placed in first floor cells. Mr. Sanford also insisted that one of the SCCF correctional officers made defamatory remarks about Mr. Sanford to other inmates. Mr. Sanford urged that the foregoing events resulted in violations of his rights to due process and freedom from cruel and unusual punishment.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Accordingly, Mr. Sanford asserted in his complaint that he was entitled to relief based upon 42 U.S.C. § 1983, the First, Fifth, Eighth, and Fourteenth Amendments, common law defamation, breach of a third party contract, and other various federal statutes. CoreCivic and its employees responded to the claim with a motion to dismiss filed November 27, 2017. Therein, CoreCivic argued that Mr. Sanford had not only failed to state a claim for which relief could be granted, but also that Mr. Sanford had failed to comply with certain necessary procedural requirements. Namely, because Mr. Sanford was an inmate proceeding *in forma pauperis*, CoreCivic argued that Mr. Sanford was required to file an affidavit detailing his previous lawsuits, as well as a copy of his inmate trust account. *See* Tenn. Code Ann. § 41-21-805. Soon after, TDOC and Mr. Turman also filed a motion to dismiss, making largely the same allegations as CoreCivic and also urging that TDOC was protected by sovereign immunity.

The trial court entered an order of dismissal on April 17, 2018, adopting the Respondents' position that (1) Mr. Sanford failed to state a colorable claim for relief as to any of the defendants; and (2) even if Mr. Sanford had stated a claim for which relief could be granted, Mr. Sanford's failure to comply with Tenn. Code Ann. section 41-21-801 *et. seq.* warranted dismissal of the complaint. The petition was dismissed, and Mr. Sanford filed a timely notice of appeal with this Court on May 10, 2018.

## Issues Presented

Mr. Sanford raises a multitude of issues for review, which have been taken from his brief and slightly restated:

1. Whether the trial court erred in concluding that Mr. Sanford failed to cite statutes and theories sufficient to prevail on his claims.
2. Whether the trial court erred in concluding that Mr. Sanford failed to properly allege any constitutional claims.
3. Whether the trial court erred in concluding that Mr. Sanford failed to properly plead a breach of third-party beneficiary contract claim.
4. Whether the trial court erred in concluding that Mr. Sanford failed to state a claim.
5. Whether the trial court erred in concluding that Mr. Sanford failed to comply with Tennessee Code Annotated section 41-21-805.
6. Whether the trial court erred in concluding that Mr. Sanford failed to comply with Tennessee Code Annotated section 41-21-807.
7. Whether the trial court erred in concluding that Mr. Sanford failed to establish that TDOC is not immune from civil suit.
8. Whether the trial court erred in concluding that Mr. Sanford failed to state a claim for which relief could be granted against Robert Turman.
9. Whether the trial court erred in concluding that Mr. Sanford has outstanding court costs.

In their posture as the appellees, the Respondents have raised essentially one issue for review:

> 10. Whether the trial court correctly dismissed Mr. Sanford's complaint for failure to state a claim and failure to comply with Tenn. Code Ann. section 41-21-801 et. seq.

## Standard of Review

This case was decided on a motion to dismiss. A motion to dismiss "challenges 'only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence.'" ***Phillips v. Montgomery Cty.***, 442 S.W.3d 233, 237 (Tenn. 2014) (quoting ***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426 (Tenn. 2011)). The defendant "'admits the truth of all the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action." ***Id.*** (quoting ***Webb***, 346 S.W.3d at 426). Our determination is based on the pleadings alone. ***Id.*** We review the trial court's decision on a motion to dismiss de novo with no presumption of correctness. ***Id.*** (citing ***Cullum v. McCool***, 432 S.W.3d 829, 832 (Tenn. 2013)).

## Discussion

As a threshold issue, we must note that Mr. Sanford proceeds pro se in this appeal, as he did in the trial court. As this Court has previously explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they

should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903–04 (Tenn. Ct. App. 2003) (citations omitted). We keep these principals in mind in considering Mr. Sanford's appeal. Because we have determined that the dispositive issue presented is whether Mr. Sanford complied with Tennessee Code Annotated section 41-21-801 *et seq.*, we begin with a brief overview of those sections relevant to this case.

Tennessee Code Annotated section 41-21-801 provides that:

Any inmate who files a claim with an affidavit of inability to pay costs shall file a separate affidavit with the following information:

(1) A complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed; and

(2) For each claim or action listed in subsection (a):

(A) The operative facts for which relief was sought;

(B) The case name, case number and court in which the suit or claim was filed;

(C) The legal theory on which the relief sought was based;

(D) The identification of each party named in the action; and

(E) The final result of the action, including dismissal as frivolous or malicious under this part or otherwise.

Tenn. Code Ann. § 41-21-805(a). This section and its surrounding statutory provisions apply to claims "brought by an inmate in general sessions or a trial level court of record in which an affidavit of inability to pay costs is filed with the claim by the inmate." Tenn. Code Ann. § 41-21-801. The plaintiff must also file along with the affidavit of indigency a "current copy of the inmate's trust account." Tenn. Code Ann. § 41-21-805(c). *See also* Tenn. Code Ann. § 41-21-807(a) ("An inmate seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security for the fees, in addition to filing the affidavit required by § 41-21-805, shall submit a certified copy of the trust fund account statement, or the institutional equivalent, for the inmate for the six-month period immediately preceding the filing of the complaint or notice of appeal[.]").

The purpose of section 41-21-805 is "to counter some of the abuses that arise when inmates exercise their rights to file lawsuits *in forma pauperis*." *Fields v. Corr. Corp. of Am.*, No. M2011-01344-COA-R3-CV, 2012 WL 987337, at \*2 (Tenn. Ct. App. Mar. 21, 2012) (quoting *Sweatt v. Tennessee Dep't of Correction*, 99 S.W.3d 112, 114 (Tenn. Ct. App. 2002)). Indeed, "one of the ways in which [section] 41-21-801 *et seq.* counters the abuses of inmates seeking to proceed *in forma pauperis* is that it requires inmates to provide an affidavit containing information regarding all previous lawsuits." *Fields*, 2012 WL 987337, at \*2. The statutory scheme is intended to "bar inmates who have filed malicious or frivolous claims from filing any further lawsuits until they have paid the costs that have accrued from those prior claims." *Williams v. Bell*, 37 S.W.3d 477, 479 (Tenn. Ct. App. 2000).

This Court has acknowledged that dismissal of the complaint is proper in the face of a petitioner's noncompliance with section 41-21-805. *Williams*, 37 S.W.3d at 480 (affirming the lower court's dismissal of the complaint based upon petitioners failure to comply with Tenn. Code Ann. section 41-21-805); *Fields*, 2012 WL 987337, at \*2 (determining that the trial court acted properly by dismissing the petition upon the motions of the respondents because petitioner failed to comply with the requirements of Tenn. Code Ann. section 41-21-805); *Roberson v. Lindamood*, No. M2016-01797-COA-R3-CV, 2017 WL 2304697, at \*3 (Tenn. Ct. App. May 26, 2017) (concluding that the petitioner failed to comply with the statute when he did not disclose his previous habeas corpus lawsuits in his affidavit, and thus the trial court properly dismissed his claims).

In the present case, Mr. Sanford filed his complaint with the trial court and included an affidavit of indigency, but failed to include both an affidavit regarding his prior lawsuits[2] and a certified copy of his inmate trust account. *See* Tenn. Code Ann. § 41-21-805 ("Any inmate who files a claim with an affidavit of inability to pay costs *shall* file a separate affidavit with the following information . . .") (emphasis added). On appeal, Mr. Sanford insists that he indeed filed these documents with the trial court, and that the dismissal of his claims on this basis is reversible error. After a thorough review of the record, however, we have determined that the record simply does not contain any affidavit that details Mr. Sanford's prior lawsuits, nor are documents pertaining to Mr. Sanford's inmate trust account included in the record.[3] It appears that Mr. Sanford may have confused his affidavit of indigency with the other documents required by the statute. As an initial matter, section 41-21-805 specifically states that the information required by that section should be provided in "a separate affidavit." Tenn. Code Ann. § 41-21-

---

[2] TDOC avers that Mr. Sanford is a "prolific litigator" and that the Attorney General's office has defended against six prior lawsuits filed by Mr. Sanford.

[3] Even assuming that Mr. Sanford could supplement his complaint with the required documents, we must conclude that he has failed to do so. *C.f. Adams v. Tenn. Dep't of Corr.*, No. M2005-00471-COA-R3-CV, 2007 WL 1574277, at \*4 (Tenn. Ct. App. May 30, 2007) (noting that the petitioner had multiple opportunities to file the requisite affidavit, and in light of his "repeated failures to furnish the court with the affidavit[,]" dismissal of the petitioner's complaint was proper).

805(a). Moreover, the affidavit filed by Mr. Sanford contains no information concerning his prior lawsuits or trust account. Rather, the affidavit of indigency states only that

> I, [Mr.] Sanford [], do solemnly swear (or affirm) that because of my poverty, I am unable to bear the expense of this action which I am about to commence. I followed or attempted to follow all procedures and established my claims. I further swear (or affirm) that, to the best of my knowledge, I am justly entitled to the relief sought.

Accordingly, this affidavit is not a substitute for the affidavit required by section 41-21-805. The trial court's dismissal of Mr. Sanford's complaint on the basis of section 41-21-805 was therefore proper.

We note that trial court did not rely solely on section 41-21-805 in dismissing Mr. Sanford's petition; rather, it also considered all of Mr. Sanford's claims and dismissed each of them on the merits.[4] Nonetheless, we need not consider the ruling of the trial court as to those individual issues; in **Williams**, we concluded that it was unnecessary to consider the remainder of the issues raised on appeal, as the plaintiff's "failure to comply with Tenn. Code Ann. § 41-21-801, et. seq., [precluded] further consideration of the merits of the claim by the trial court[,]" and that "[a]ny findings resulting from that consideration [were] therefore without legal effect." **Id.** at 480–481. *See also* **Bradfield v. Dukes**, No. W2001-02067-COA-R3-CV, 2002 WL 1760237, at *3 (Tenn. Ct. App. Apr.17, 2002) ("Because the trial court should have dismissed Mr. Bradfield's petition for his failure to comply with Tenn. Code Ann. § 41-21-801, et seq., it was not necessary for the court to consider the merits of Mr. Bradfield's claim. . . . [t]hose rulings by the trial court are without legal effect."). Consequently, we conclude that Mr. Sanford's failure to comply with section 41-21-805 "precludes further consideration of the merits" of Mr. Sanford's claims, as any findings resulting from the trial court's consideration of those issues are "without legal effect." **Williams**, 37 S.W.3d at 481. As such, all other issues raised in this appeal are pretermitted.

Finally, we note that the dismissal of Mr. Sanford's petition must be without prejudice:

> It appears to us that in enacting Tenn. Code Ann. § 41-21-805 et seq., the Legislature intended to make it more burdensome for inmates to file frivolous complaints, while not raising the barrier against valid claims to an unreasonable height. A trial court may more confidently demand strict adherence to the statute if it knows that by doing so it is not thereby closing the door forever on a meritorious claim. We believe that we are advancing

---

[4] The trial court's order of dismissal is, in large part, taken verbatim from the Respondents' memorandums in support of their motions to dismiss.

both legislative goals by ruling that dismissal for failure to comply with the statute is without prejudice.

*Williams*, 37 S.W.3d at 480; *see also* Tenn. Sup. Ct. R. 4(G)(2) ("Opinions reported in the official reporter . . . shall be considered controlling authority for all purposes unless and until such opinion is reversed and modified by a court of competent jurisdiction."). As such, the trial court's decision is modified to reflect that Mr. Sanford's petition is dismissed without prejudice solely on the basis of his failure to comply with Tennessee Code Annotated section 41-21-805 *et seq*.

## Conclusion

The judgment of the Wayne County Circuit Court is affirmed, as modified. The petition at issue is dismissed without prejudice. This cause is remanded to the trial court for all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to the Appellant, Gerald A. Sanford, Sr. for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE