IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 3, 2017

## TIMOTHY ROBERSON v. CHERRY LINDAMOOD, ET AL.

**Appeal from the Circuit Court for Wayne County**
**No. 2015-CV-5581  Stella L. Hargrove, Judge**

_____

### No. M2016-01797-COA-R3-CV

_____

An inmate in the custody of the Tennessee Department of Correction filed this lawsuit against three prison employees seeking to recover certain personal property.  The trial court dismissed the lawsuit without prejudice based on the inmate's failure to comply with Tennessee Code Annotated section 41-21-805, which requires inmates wanting to proceed *in forma pauperis* to submit to the trial court a complete list of every previous lawsuit or claim filed by the inmate.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Timothy Roberson, Clifton, Tennessee, Pro se.

James I. Pentecost, J. Austin Stokes, and Jonathan D. Buckner, Jackson, Tennessee, for the appellees, Cherry Lindamood, Bruce L. Woods, and Wanda Spears.

## OPINION

### I.

Timothy Roberson is an inmate at South Central Correctional Facility in Clifton, Tennessee.  On September 15, 2015, Mr. Roberson filed a complaint against three employees of that facility in the Wayne County Chancery Court, alleging that they were responsible for his loss of legal documents related to his criminal trial and conviction. Along with the complaint, Mr. Roberson submitted a Uniform Civil Affidavit of Indigency stating his inability to pay the costs of the litigation pursuant to Tennessee Code Annotated section 20-12-127 and a certified copy of his trust fund account

statement pursuant to Tennessee Code Annotated section 41-21-807. He did not, however, submit a list of his previous lawsuits and claims pursuant to Tennessee Code Annotated section 41-21-805. On October 15, 2015, the defendants filed an answer in which they generally denied the allegations of Mr. Roberson's complaint.

On July 15, 2016, the defendants filed a motion seeking the dismissal of Mr. Roberson's complaint based on his failure to comply with Tennessee Code Annotated section 41-21-805. Mr. Roberson responded by filing an affidavit purporting to contain information setting forth all of the lawsuits and claims that he had previously filed. The affidavit contained information for two previous lawsuits: a legal malpractice action filed in Davidson County Circuit Court and a 42 U.S.C. § 1983 claim filed in federal court. In response, the defendants then asserted that Mr. Roberson's affidavit was insufficient because it failed to list all of his prior lawsuits. In support of their contentions, the defendants submitted records from two habeas corpus lawsuits not disclosed in Mr. Roberson's affidavit.

Following a hearing, the trial court granted the defendants' motion and dismissed Mr. Roberson's complaint without prejudice. Mr. Roberson timely filed a notice of appeal to this Court.

## II.

On appeal, Mr. Roberson contends that the trial court erred in dismissing his complaint based on noncompliance with the requirements of Tennessee Code Annotated section 41-21-805. Our resolution of that issue will necessarily involve the interpretation of Tennessee Code Annotated section 41-21-805. When determining the meaning of a statute, our primary objective "is to carry out legislative intent without broadening or restricting the statute beyond its intended scope." *Ellithorpe v. Weismark*, 479 S.W.3d 818, 826 (Tenn. 2015). We must look first to the text of the statute and give the words used in the statute "their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012). When the words of the statute are clear and unambiguous, "we apply the plain meaning without complicating the task and enforce the statute as written." *Ellithorpe*, 479 S.W.3d at 826 (citations omitted). Finally, we may presume that the legislature knows the law and makes new law accordingly. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010). We review issues of statutory interpretation de novo, with no presumption of correctness. *Davis v. Ibach*, 465 S.W.3d 570, 573 (Tenn. 2015).

## III.

Generally, litigants filing a civil action in Tennessee must file a cost bond and pay an initial filing fee. *Spates v. Howell*, 420 S.W.3d 776, 783 (Tenn. Ct. App. 2013). However, Tennessee Code Annotated section 20-12-127 permits indigent litigants to commence a civil action without providing security for costs and without paying litigation taxes by filing a Uniform Civil Affidavit of Indigency stating that they are entitled to relief but are unable to bear the expense of litigation due to their poverty. *See* Tenn. Code Ann. § 20-12-127(a); *see also* Tenn. Sup. Ct. R. 29. With the court's approval, such litigants are considered to be proceeding *in forma pauperis*. While the statute does not relieve litigants proceeding *in forma pauperis* of responsibility for costs and taxes, it suspends their collection until taxed by the court. Tenn. Code Ann. § 20-12-127(b). Rather than being required to provide funds at the beginning of the lawsuit to have their issues heard by the court, the litigant is assessed fees at the end of the lawsuit depending on the outcome. *Hughes v. Tenn. Bd. of Prob. & Parole*, --- S.W.3d ---, No. M2015-00722-SC-R11-CV, 2017 WL 1094341, at *10 (Tenn. Mar. 23, 2017). Moreover, indigent inmates usually have only the funds available in their inmate trust account to satisfy fees outstanding at the end of the lawsuit, while other indigent litigants usually have other property with which to satisfy those debts. *Id*. at *11. If the funds in the inmate's trust account are not sufficient to satisfy the outstanding fees, those fees remain unpaid. *Id*. at *10.

In 1996, Tennessee's legislature adopted prison litigation reform statutes in an effort to reduce the number of frivolous claims filed by indigent inmates and financed by taxpayers.[1] *See* Tenn. Code Ann. §§ 41-21-801 to -812. Thus, in addition to filing a Uniform Civil Affidavit of Indigency, inmates must comply with additional statutory requirements in order to avoid paying costs and taxes at the beginning of a lawsuit. Specifically, Tennessee Code Annotated section 41-21-805 provides:

(a) Any inmate who files a claim with an affidavit of inability to pay costs shall file a separate affidavit with the following information:

(1) A complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed; and

(2) For each claim or action listed in subsection (a):

---

[1] In 1995, the National Association of Attorneys General estimated that states spent $80 million each year on inmate litigation. *Hughes*, 2017 WL 1094341, at *10 (citing Margo Schlanger, *Inmate Litigation*, 116 HARV. L. REV. 1555, 1625 (2003)).

(A) The operative facts for which relief was sought;

(B) The case name, case number and court in which the suit or claim was filed;

(C) The legal theory on which the relief sought was based;

(D) The identification of each party named in the action; and

(E) The final result of the action, including dismissal as frivolous or malicious under this part or otherwise.

(b) If the affidavit filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit must state the date of the final order affirming the dismissal.

(c) The affidavit must be accompanied by a current certified copy of the inmate's trust account statement.

If an inmate wishing to proceed *in forma pauperis* fails to comply with that statute, the trial court may dismiss their claims without prejudice. *Williams v. Bell*, 37 S.W.3d 477, 480 (Tenn. Ct. App. 2000).

In response to the defendants' motion seeking dismissal of his complaint, Mr. Roberson submitted an affidavit that listed the information required by Tennessee Code Annotated section 41-21-805 for two prior lawsuits. Nevertheless, the defendants argued that Mr. Roberson failed to comply with the statute because he failed to disclose all of his previous lawsuits. In support of their argument, the defendants submitted records from two habeas corpus lawsuits not disclosed by Mr. Roberson in his affidavit. Following a hearing, the trial court then dismissed Mr. Roberson's lawsuit.

On appeal, Mr. Roberson argues that the trial court erred in dismissing his lawsuit because Tennessee Code Annotated section 41-21-805 does not require the disclosure of previous habeas corpus lawsuits. He points out that, although the statute requires that inmates wishing to proceed *in forma pauperis* submit a "complete list of every lawsuit or claim previously filed by the inmate," the word "claim," as used in the statute, is defined as "any lawsuit or appeal filed by an inmate *except a petition for post-conviction relief.*" *See* Tenn. Code Ann. § 41-21-801(1) (emphasis added). He contends that habeas corpus petitions are petitions for post-conviction relief and are therefore excluded from the disclosure requirements of Tennessee Code Annotated section 41-21-805. Meanwhile, the defendants argue that, even if a habeas corpus petition is not a "claim" as that term is

used in the statute, a habeas corpus proceeding is still a lawsuit. They contend that, by requiring a "complete list of *every lawsuit or claim* previously filed by the inmate," Tennessee Code Annotated section 41-21-805 therefore mandates the disclosure of habeas corpus lawsuits.[2]

Notwithstanding the argument advanced by the defendants, resolution of this appeal does not require us to discern what the legislature intended in requiring the disclosure of both "lawsuits" and "claims." While post-conviction and habeas corpus petitions are the two primary methods of collaterally attacking a conviction and sentence that have become final, they are "theoretically and statutorily distinct." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992); *see also Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007) ("We have rejected and will continue to reject efforts to intertwine the two procedures."). The right to seek habeas corpus relief is guaranteed by Article I, § 15 of the Tennessee Constitution, and the procedures applicable to habeas corpus proceedings are codified at Tennessee Code Annotated section 29-21-101 to -130. While there is no statute of limitations that applies to bar the filing of a habeas corpus petition, the grounds on which habeas corpus relief will be granted are very narrow in Tennessee. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). Proof is limited to the face of the judgment and the record of the underlying convictions, and relief is available only when it appears that the convicting court was without jurisdiction or authority to sentence the defendant or that the defendant's sentence of imprisonment or other restraint has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, the purpose of a habeas corpus petition is to challenge a judgment that is void. *Potts*, 833 S.W.3d at 62. Meanwhile, the procedures applicable to post-conviction proceedings are codified at Tennessee Code Annotated section 40-30-101 to -124. Unlike habeas corpus petitions, there is a one-year statute of limitations that governs the filing of post-conviction petitions.[3] Tenn. Code Ann. § 40-30-102. Proof outside the underlying record may be introduced, Tenn. Code Ann. § 40-30-110, and relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Thus, a post-conviction petition may challenge either a judgment that is void or one that is merely voidable. *Potts*, 933 S.W.2d at 62.

---

[2] The parties also dispute whether a Tennessee Code Annotated section 41-21-805 affidavit must be filed simultaneously with an inmate's initial complaint. Because the issue on appeal can be resolved based on the insufficiency of Mr. Roberson's affidavit, we decline to discuss the timeliness of its filing.

[3] Currently, post-conviction petitions are subject to a one-year statute of limitations. *See* Tenn. Code Ann. § 40-30-102. The one-year statute of limitations was adopted in 1995 to replace the previous three-year statute of limitations. *Taylor*, 995 S.W.2d at 84 n.5.

In light of the foregoing, we reject Mr. Roberson's assertion that, by excluding petitions for post-conviction relief from its definition of a "claim," the legislature also intended to exclude habeas corpus proceedings. Tennessee Code Annotated section 41-21-805 requires inmates wishing to proceed *in forma pauperis* to submit a list of "every lawsuit or claim previously filed by the inmate," and nothing in the statute suggests that the legislature intended habeas corpus lawsuits to be excluded. We therefore conclude that Mr. Roberson failed to comply with the statute when he did not disclose his previous habeas corpus lawsuits in his affidavit, and the trial court properly dismissed his claims.

**IV.**

We affirm the trial court's dismissal of this case without prejudice. Costs of this appeal are taxed to the appellant, Timothy Roberson, for which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE